WILBARGER COUNTY et al. v. HALL.

No. 1362—5934.

Commission of Appeals of Texas, Section B.
Dec. 22, 1932.

Luther Hoffman, of Wichita Falls, and Berry, Warlick & Gossett, of Vernon (for Highway Commission), for plaintiffs in error.

Storey, Leak & Storey and J. S. Cook, all of Vernon, for defendant in error.

James V. Allred, Atty. Gen., and T. S. Christopher, Asst. Atty. Gen., amici curiæ.

SHORT, J.

This proceeding originated in the commissioners' court of Wilbarger county, and its apparent purpose was to take, for public use, 3.21 acres of land belonging to the defendant in error and to apply this land, so taken, to the use of the state highway commission as State Highway No. 28, commonly called Lee Highway, running from a point on the Red river in the northern part of the state westwardly to the New Mexico line, without having secured the consent of the defendant in error. The opinion of the Court of Civil Appeals, which contains a very full statement of the facts, including the pleadings of the parties, as well as a full discussion of the law of the case, is reported in 37 S.W.(2d) 1041, 1043, and we refer to that opinion for the statement of the case. Among other things, the Court of Civil Appeals finds that "the state highway commission is not a party to this suit, and it does not appear that such commission participated in the condemnation proceedings in any manner." The Court of Civil Appeals reversed the judgment of the county court and dismissed the condemnation proceedings, holding, in effect, that the condemnation proceedings were void for the reason that the manner in which the proceedings were commenced and conducted was not authorized by the law.

Of course, section 17 of the Bill of Rights authorizes the taking of a person's property and applying it for public use, provided adequate compensation has been made, or provided the person whose property is taken consents thereto; but in the absence of such consent the manner of taking a person's property and applying it to public use is prescribed by law, and this manner must be strictly followed. There were no pleadings in the record until after the proceedings had been filed in the county court of Wilbarger county. Whatever proceedings were had in the commissioners' court are left to conjecture, but it does appear that the county judge and the commissioners of Wilbarger county were the affirmative actors and that these officials had the land belonging to the defendant in error viewed and valued. It also appears that the defendant in error appeared before this jury of view and presented an itemized statement of his claim for damages, aggregating in the neighborhood of $5.000. The jury did not allow this claim in its entirety and the record does not disclose how much it did allow. When their report was made to the commissioners' court, the defendant in error appealed to the county court of Wilbarger county, and, among other things, entered into a written agreement as follows: "It is agreed that all matters in controversy are eliminated and waived, except the value of the land actually taken for the road, the damages, if any, to the land not taken, and the benefits, if any, to the land not taken." This agreement seems to have been made when the case came on for trial in the county court of Wilbarger county. Notwithstanding this agreement, the defendant in error interposed in his answer, afterwards filed many special objections to the procedure had in the case, but in view of the agreement we do not think any of the objections to the procedure were tenable, which the defendant in error had the power to waive. Of course, he could not waive any matter that went to the jurisdiction of the court over the subject-matter. Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, 1085; Perkins v. U. S. Fid. & G. Co. (Tex. Com. App.) 299 S. W. 213; 15 C. J. p. 802, par. 101; p. 844, par. 164; 7 R. C. L. p. 1039, par. 70; USCA, title 23, Highways, chap. 1, § 13.

If the commissioners' court of Wilbarger county either had no jurisdiction of the subject-matter, or if its manner of exercising jurisdiction of the subject-matter was not strictly followed, according to the law covering such matters, then the waiver would not apply. This was a deferalized project, and was strictly a state highway location, though the state highway does not appear in the proceedings, beyond the fact that the land taken was used for state highway purposes exclusively. There is some suggestion in the record that the land was sought to be taken under article 6705 of the Revised Statutes of 1925, but it affirmatively appears that the petition was not signed by eight freeholders,

and that the twenty days' notice was not given as required by the provisions of that article. This situation was discussed by Judge Phillips in the case of Haverbekken v. Hale, County Judge, 109 Tex. 106, 204 S. W. 1162, and was also discussed by the writer in the case of Robison v. Whaley Farm Corporation, 120 Tex. 633, 40 S.W.(2d) 52, wherein it was concluded that where it appeared that the provisions of this article were not complied with, the land sought to be taken thereby was illegally taken, and the whole proceedings were void. In the case of Robison v. Whaley Farm Corporation, supra, we expressly held that the commissioners' court had authority of its own motion to condemn private property for road purposes for the public, though the facts, in that case, are altogether different from the facts in this case, in that the land sought to be taken was for county road purposes, and not for state highway purposes.

The 35th Legislature (Acts 1917, c. 190) attempted to set up a complete system of state highways, and article 6673 of the Revised Statutes of 1925, together with the amendments hereinafter mentioned, authorized the state highway commission to take over state highways. Article 6674b provides that: "All highways in this State included in the plan providing a system of State Highways as prepared by the State Highway Engineer in accordance with Section 11, of Chapter 190 of the General Laws of the Regular Session of the Thirty-fifth Legislature are hereby designated as the 'State Highway System.' " Article 6674d, among other things, gives exclusive control to the state highway commission of state highways where these highways are constructed in part by the use of federal funds, as this seems to have been.

In Robbins v. Limestone County, 114 Tex. 345, 268 S. W. 915, the Supreme Court, speaking through Judge Pierson, in effect held, among other things, that the act of the state in placing public roads within a county and road district, under control and management of the state highway department, though roads were constructed by funds raised by local taxation and by issuance of bonds, which were still outstanding, was not a taking of county or road district property without just compensation or without due process of law, and the same case held that the Acts of the 38th Legislature (Acts 1923, c. 75) authorized the state highway commission to take over the various highways and that this act was not violative of article 5, § 18, of the Constitution, delegating to county commissioners' courts jurisdiction over all "county business," as conferred by the Constitution and law. In other words, the Supreme Court has held that the state highway system, generally speaking, as a system, is in all respects in accordance with the provisions of the Constitution, and the state highway system, as

designated in title 116, chap. 1, R. S. 1925 (article 6663 et seq.), and the amendments thereto, hereinafter mentioned, notwithstanding article 5, § 18, of the Constitution, delegates to county commissioners' courts jurisdiction over all "county business," in effect holding that the supervision of the highways was not included within the phrase "county business."

We gather from the statement of facts that the defendant in error's land was sought to be taken in the spring of 1928, though the proceedings were filed in the county court on the 27th day of February, 1930. This fact becomes material by reason of what we shall say with reference to article 6674n, as enacted by the 39th Legislature in 1925. This particular article, in effect, gave to the highway commission the right to condemn private property for road purposes, and sets up the machinery of the commissioners' court as its agent to be used in condemnation proceedings. Up to that time it appears that the system of state highways set up by the 35th Legislature, and afterwards by the 38th Legislature, did not specifically provide any method by which the state highway commission could condemn private property for the use of state highways. So the 39th Legislature (1925) enacted article 6674n, which is called section 14 in the act (chapter 186). This article refers to articles 6894 and 6895 of the Revised Statute of 1911, and provides, among other things, that the procedure provided by these articles shall be followed in condemning private property for public use as a state highway.

The Act of the 39th Legislature (Acts 1925, c. 186), in its caption, provides that it was an act, among other things, "authorizing the condemnation of materials to be used in the improvement of a State Highway and of land for rights-of-way." It will thus be seen that this act had direct reference to the conditions presented by the facts of this case. Still, when we refer to articles 6894 and 6895, title 119, R. S. 1911, we are confronted with the fact that these articles have no reference to condemnation proceedings, and a further examination discloses that the Legislature intended to refer to articles 6984 and 6985, title 119, R. S. 1911, which do refer to condemnation proceedings, and which gave to the commissioners' court the authority to condemn private property for use of public roads. The same Legislature, that is, the 39th Legislature, on page 300, passed an act (Acts 1925, c. 116 [Rev. St. 1925, art. 3264a]), the purpose of which was to confer upon counties the right of eminent domain where land, right of ways, or easements were necessary to be secured for the construction of jails, courthouses, hospitals, delinquent and dependent schools, poorhouses and libraries, or for other public purposes, and provided for the institution of such proceedings in the name of the county. In this act the Legislature declared

that counties, except for road purposes, did not have the right of eminent domain, and that it was necessary that the act be passed.

In Robbins v. Limestone County, supra, the Supreme Court gave a similar construction to the statutes on this subject. The 41st Legislature, by an act (Acts 1929 [3d Called Sess.] c. 10, § 1), the purpose of which was to correct the error referring to articles 6894 and 6895, in section 14, c. 186, Acts of the 39th Legislature (1925), in making the same, refers to articles 6984 and 6985, as well as conferring authority on the commissioners' court to acquire a new or wider right of way or land for material or borrow pits, and which prescribed regulations with reference thereto, among other things, declared: That the subject of this act was to correct an error in the act of the 39th Legislature and to confer needed authority on the commissioners' court, giving the same construction as we have given to the error made in reference to the articles of the statutes of 1911, and also giving the same construction as was given in Robbins v. Limestone County, supra, and in Heathman v. Singletary (Tex. Com. App.) 12 S.W.(2d) 150, to the effect that the policy of the state was to create the public highway system, and that it had the effect to take away from the commissioners' courts the power of eminent domain, except as the agent of the highway commission to condemn lands for state highway purposes.

■■ The judgment rendered by the county court, among other things, declares the following: "It is therefore, ordered, adjudged and decreed by the court that the following described land and premises belonging to the said R. W. Hall, be and the same is hereby condemned, and that the said Wilbarger county, a municipal corporation, the petitioner herein, have and recover of and from R. W. Hall, the defendant herein, a right of way for the establishment, location, construction, operation and maintenance of a first-class highway, in and upon the said land of the defendant, described and designated as follows: * * * It is further ordered and decreed that said right of way hereinbefore described be and the same is hereby vested in said Wilbarger county and it is further ordered and adjudged that the defendant, R. W. Hall, have and recover of and from Wilbarger county, petitioner, as damages for such right of way the sum of Six Hundred Forty-two ($642.00) Dollars, with interest thereon from May 1, 1928, until paid at 6% per annum, together with costs of these proceedings and of this court for which damages and costs let execution issue, and for which right of way let writ of possession issue." We have set out so much of the judgment entered merely for the purpose of showing that the title to this land was vested in Wilbarger county; whereas, in proper condemnation proceedings by the state highway commission, the title would be vested in the state. Furthermore, it is provided that Wilbarger county pay the damages and execution is ordered issued; whereas, not Wilbarger county, but the state highway commission, is liable for the damages for private lands taken for state highway purposes. Moreover, it is provided by the Constitution that no public funds shall be used for private purposes except as expressly provided by law, and a part of this judgment violates this part of the Constitution.

■ We are of the opinion that the county court of Wilbarger county did not acquire any jurisdiction of the subject-matter, and was without authority to condemn the land belonging to the defendant in error, in the manner in which it sought to do, and that the judgment in favor of the defendant in error, against Wilbarger county, is a nullity and the taking of defendant in error's land, in the manner in which it was taken, is violative of the Bill of Rights, § .17. We are further of the opinion that the agreement made by the defendant in error leaves unnecessary a discussion of the many alleged errors committed by the trial court, for the reason that whatever errors the court committed were waived by virtue of this agreement. Watt v. Studer et al. (Tex. Civ. App.) 22 S.W.(2d) 709; O'Keefe v. Hudspeth County et al. (Tex. Civ. App.) 25 S.W.(2d) 625; Central Power & Light Co. v. Willacy County (Tex. Civ. App.) 33 S. W.(2d) 476. It is true none of the cases last cited ever reached the Supreme Court, but we think they are sound on the point we have been discussing, and therefore approve them. There is some suggestion that article 6674n, R. S., 1925, as amended by the 3d Called Session of the 41st Legislature, supra, is violative of article 3, § 36, of the Constitution, and also that it is ineffective by reason of the fact that the articles to which the act of the 41st Legislature refers, and in effect adopts, were not carried forward in the revision of 1925, and of course these articles are repealed by an expressed provision of the act of 1925. We do not pass on this proposition for the reason that there is enough left of the act of the 39th Legislature, as amended by the act of the 41st Legislature (see Vernon's Ann. Civ. St. art. 6674n), to indicate that the highway commission has the right of eminent domain under article 3264, R. S. 1925, which provides the procedure to be followed in exercising this right of eminent domain. We do not think that article 3264a, which gives the right of eminent domain to counties, has any reference to the subject matter of this suit. However, we do think article 3265, as well as other articles of title 52 (article 3264 et seq.), are applicable and furnish a specific procedure in determining the rule of damage and the adjudication of costs. We are further of the opinion that chapter 1, title 116, in connection with title 52, and the amendments thereto, are sufficiently specific to en-

able the state highway commission to legally take the land belonging to the defendant in error, which is necessary to be used in the construction of State Highway No. 28, by paying him, out of funds belonging to the state highway, proper compensation, to be ascertained by the rules we have mentioned.

The Court of Civil Appeals reversed the judgment of the county court and dismissed the case, because the county court did not have any jurisdiction, among other things, and in so far as the opinion of the Court of Civil Appeals held the county court did not have any jurisdiction, we think the opinion is correct, and we recommend that it be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.