## Eddie Thomas et ux v.
## The Housing Authority of the City of Dallas

No. A-4284. Decided December 16, 1953.
Rehearing overruled February 24, 1954.
(264 S.W. 2d Series 93)

*McKool & Bader* and *Bert Bader,* of Dallas, for petitioners.

The Court of Civil Appeals erred in granting respondent's motion for summary judgment, because petitioners had a right to withdraw the amount of the commissioners' award from the registry of the court by court order and in so doing did not waive their right to proceed and have the cause heard as to the value of the property in question. Shambry v. Housing Authority of the City of Dallas, 152 Texas 122, 255 S.W. 2d 184.

*Henry P. Kucera* and *Scurry, Scurry & Pace* and *R. G. Scurry,* all of Dallas, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

Respondent, hereinafter referred to as condemnor, instituted this condemnation suit on June 21, 1951 to condemn property of petitioners, hereinafter referred to as landowners, for use as a low rent housing project. The Commissioners, appointed pursuant to statute, awarded to the landowners the sum of $2,775.00, and within the statutory period the landowners filed their objections to such award. Condemnor deposited the amount of the award with the Clerk of the Court as provided by Art. 3268, Vernon's Annotated Civil Statutes of Texas, and went into possession of the property and dispossessed the landowners. Thereafter, the landowners secured an order permitting them to withdraw, and they did withdraw, the amount of the award. About a year thereafter condemnor discovered the cause still pending on the docket of the County Court-at-Law No. 1, Dallas County, Texas, and filed a motion for a summary judgment. This motion alleged the facts as above set out and further alleged that by withdrawing the award, the landowners had waived their right of appeal and to further litigate the matter. Upon a hearing the trial court gave condemnor a summary judgment. The Court of Civil Appeals has affirmed. 258 S.W. 2d 428.

This case presents but one question and that is: Can the landowner, who has filed objections to the award of the Commissioners in a condemnation proceeding, and who has been properly dispossessed by condemnor withdraw the amount of the award, and further prosecute his suit? We hold that he can and that he has not waived his right to prosecute his appeal by drawing down the amount awarded by the Commissioners. There are decisions by the courts of Texas which support either view of the above question. These cases are in conflict, and we will not attempt to reconcile them.

We think a reading of Art. 3268, Vernon's Annotated Civil Statutes of Texas, together with a study of its legislative history will show conclusively that the landowner who has been dispossessed by condemnor has a right to withdraw the deposit made by the condemnor in order to procure possession of the property without prejudice to his right to further prosecute the litigation.

First, we should keep in mind that there is no requirement in the law that the landowner be dispossessed and his property delivered to the condemnor during the pendency of the litigation. Neither is it required that the condemnor make the deposit, unless he desires possession of the landowner's property during the pendency of the litigation. Art. 3268, supra, provides that in the event the condemnor "desire to enter upon and take possession of the property sought to be condemned, pending litigation, it may do so at any time after the award of the Commissioners, upon the following conditions, to-wit * * *"; first, (a) by paying to the landowner the amount of damages awarded against condemnor, or (b) deposit the same in money in court, "subject to the order of the defendant," (landowner) and pay the court costs. The words "subject to the order of the defendant" can mean only one thing, and that is the landowner may withdraw the deposit. The landowner is out the use of his land; he has been dispossessed and in justice and equity he is entitled to have the money which has taken the place of the land. Also, had the law required that no possession could be taken pending litigation except the amount of the award be paid to the landowner, the landowner could have prevented being dispossessed by merely refusing to accept the payment tendered by the condemnor. In order to prevent such a happening the Legislature made provision for the deposit of the amount of the award in court subject to the order of the landowner, and upon this being done, the landowner could be disposed by condemnor, even though the landowner had refused to accept the money tendered by condemnor.

Paragraph 2 of Art. 3268 makes provision for the deposit in court of an additional amount equal to the award, and the giving of a bond to secure court costs by condemnor prior to the dispossession of the landowner. It also provides that such additional deposit, "together with the award itself, should it be deposited in Court instead of being paid" shall be held exclusively to secure all damages that may be awarded or adjudged against condemnor. Respondent contends this provision shows the intent of the Legislature that the deposit in the amount of the award,

first required, shall not be paid over to the landowners. To so hold is to set aside the provision of the first paragraph that the deposit shall be made "subject to the order of the defendant" (landowner). The true meaning of this provision in the second paragraph is that where the landowner has not withdrawn such deposit it is to be held by the court as is provided in such paragraph. To so construe this language gives meaning to all portions of Art. 3268 and does not set aside any part thereof. Again, in paragraph 3 of Art. 3268, provision is made with regard to action to be taken upon the final decision of the case. Among these provisions is one "that in any case where the award paid the defendant, *or appropriated by him* (emphasis ours) exceeds the value of the property as determined by the final judgment, the court shall adjudge the excess to be returned to the plaintiff" (condemnor). This would be entirely meaningless unless the landowner were permitted by Art. 3268 to withdraw the award.

A study of the legislative history of Art. 3268 demonstrates clearly the correctness of our decision. Prior to 1899 our statute did not permit the taking possession of the property sought to be condemned "without having first paid whatever amount of damages and costs may have been awarded or adjudged against it" (the condemnor). Rev. Stat. 1895, Art. 4471. This statute was amended at the Legislative Session in 1899 by Senate Bill 45, p. 105. As originally presented, the Senate Bill provided for possession being taken by paying to the landowner, or depositing in court the amount of the award. Nothing was contained in paragraph 1 of the bill requiring that such deposit be made "subject to the order of the defendant" (landowner). Neither was the third paragraph included in the original bill, nor was any provision made for a judgment against the landowner for excess in the event the value on final decision should be less than the amount paid to or appropriated by him. When the bill reached the House, the words "subject to the order of the defendant" were added in the first paragraph, and a third paragraph was added which contained the present provision for a judgment against the landowner for any excess "paid the defendant or appropriated by him (which) exceeds the value of the property as determined by the final judgment" in the case. These words have continued in the statute through the revisions of 1911 and 1925, and are a part of the law as it exists today. Our Per Curiam in the recent case of Shambry, et ux v. Housing Authority of City of Dallas, 152 Texas 122, 255 S.W. 2d 184, can only be consistent with our holding herein that the landowner is entitled to withdraw the deposit without prejudice to his right to continue the litigation to a conclusion.

The trial court erred in granting respondent's motion for summary judgment. The judgments of both courts below are hereby reversed, and the case remanded to the trial court with instructions to proceed with the trial of this cause in its regular place on the court's docket.

Opinion delivered December 16, 1953.

Rehearing overruled February 24, 1954.