**Fred CROCKETT et al., Appellants,**

**v.**

**The HOUSING AUTHORITY OF the CITY OF DALLAS, Appellee.**

No. 14885.

Court of Civil Appeals of Texas.

Dallas.

Dec. 17, 1954.

Rehearing Denied Jan. 14, 1955.

McKool & Bader, Dallas, for appellants.

Scurry, Scurry & Pace and Ralph Wood, Jr., Dallas, for appellee.

YOUNG, Justice.

This appeal, at first prosecuted by both parties, relates to a court proceeding whereby the property of Crockett was condemned in connection with a housing project. The named defendant had owned Lots 4, 5, 16 and 17 of Weisenberger's Garden of Eden Addition, Dallas County, *in Block 10*. The initial "statement in writing" of appellee,

which, under Art. 3264, V.A.C.S., constituted its petition for condemnation, had failed to carry said block number; recitals of said petition being: "That said defendant(s) is the owner of the following described property situated within the corporate limits of the City of Dallas, Dallas County, Texas, and being more particularly described as follows, to-wit: Being Lots 4, 5, 16 and 17 of Weisenberger's Garden of Eden Addition in DCT, per the map rec. in Vol. 6, pages 113 and 114 of the MR of DCT, and all adjoining and contiguous property owned or claimed by said defendants." Prior to the jury trial, Crockett filed motion to dismiss the appeal for want of jurisdiction on ground of fatal insufficiency of description; pointing out that there were nineteen blocks in Weisenberger's Garden of Eden Addition, all of which contained a Lot 4 and 5, nine of said blocks containing a Lot 16 and 17; plaintiff in turn promptly filing motion to correct the record by insertion of the words "in Block 10" in its pleading; also tendering to the court for filing, an amended original petition, completing the property description by block number, alleging the deficiency in question, under the circumstances, to be no more than "clerical error." These motions of plaintiff Authority were overruled; the court taking under advisement without prejudice defendant's motion to dismiss the cause; after the jury verdict and in final judgment of award, overruling same, but in said final rendition properly describing the property condemned as "in Block 10."

Appellee in supplemental brief has abandoned its cross-assignment of error; and appellant's single point, charging invalidity ab initio of this proceeding in condemnation, requires a still further detail of relevant, if not material, facts.

The original statement in writing filed by the Housing Authority pursuant to Arts. 3264–3271, V.A.C.S., was dated June 6, 1951, followed by due appointment and qualification of Commissioners, notice to landowners and award of damages of $9,750 on June 12, to which Fred Crockett and wife Alma (now deceased) objected in writing, claiming greater damages. On July 17, 1951 appellee paid above amount into the registry of court subject to order of defendants, who on July 30, 1951 withdrew said sum for their own use after payment of some delinquencies to intervening tax bodies. Thus the case stood on the court docket until March 19, 1954 when defendants filed amended answer, identifying their four lots as rectangular in shape, each 60 x 230 feet in size, with two facing on Fishtrap Road, the other two on Albrecht Street; making lenghty detail of improvements thereon whereby the overall values were estimated at $15,500. Thereafter appellee Authority filed motion to dismiss the cause in County Court at Law, asserting that the controversy became moot, precluding a trial de novo by reason of the landowner's withdrawal of Commissioners' award (a contention now settled adversely to appellee in Thomas v. Housing Authority of City of Dallas, Tex., 264 S.W.2d 93. On the same date appellant filed his motion to dismiss the entire proceedings on grounds of insufficient property description, as contained in the initial statement in writing, to confer jurisdiction on the County Court. Then it was that appellee sought permission to correct the record by insertion of "in Block 10," alleging clerical error which misled no one, and tendering amended original petition carrying full and complete description of property, which motions of appellee were by the court overruled, the case proceeding to trial and jury verdict of $11,350; the court in final judgment allowing appellant a further $1,600 in increased damages with 6% interest thereon from July 17, 1951.

■ The description of property in appellee's original statement in writing has been hereinabove quoted; and also quite pertinent are the following recitals contained in instruments relative thereto: The Oath of Commissioners goes on to say, "We, the undersigned, do solemnly swear * * * to assess the damages occasioned by condemnation by The Housing Authority of the City of Dallas of certain property and property rights now vested in Fred Crockett et ux, Alma Crockett * * *." The Report of Commissioners was in part

that: "* * * Petitioner did file a certain statement * * * with the County Judge * * * where, upon the facts therein alleged, The Housing Authority sought condemnation of all the rights, title, claim and interest of Fred Crockett et ux, Alma Crockett * * * in and to that certain land and improvements thereon, which said property and premises are more particularly described in the statement or petition on file herein * * *." Appellant himself stated in objections to the Commissioners' award: "Now comes Fred Crockett * * and objects to the decision and award of the Commissioners * * * to assess the damage done to the defendant by the proposed taking of his property for the purpose of a housing project as more fully set out in plaintiff's petition * * *." The court's order to disburse the fund, approved by Crockett, recites: "On this, the 30th day of July A.D. 1951, the court having been advised by Fred Crockett et ux, Alma Crockett, owners of all of that tract, lot and parcel of land known and described as Being Lots 4, 5, 16 and 17 of Weisenberger's Garden of Eden Addition in DCT, per the map rec. in Vol. 6, pages 113 and 114 of the MR of DCT, and all adjoining and contiguous property owned or claimed by said defendants, that they desire to withdraw the sum of $9,750.00 * * *." The statement in writing alleged Crockett to be the *owner* of property described as "Lots 4, 5, 16 and 17 in Weisenberger's Garden of Eden Addition * * *"; and while there were the same numbered Lots in other blocks, the testimony conclusively establishes that defendant owned only those in Block 10. The Commissioners had no difficulty in locating and viewing his lots; the testimony of Joseph R. Smith III referring to same as in Block 10, and otherwise identified by house numbers (3921–3925 Fishtrap Road and 3922 Albrecht). All witnesses identified the Lots, either by legal description, address, size, pictures, nature and extent of improvements; no one from the commencement of condemnation having the slightest doubt as to the location and exact dimensions of the subject property. Omission of block number, while understandably fatal in given cases, cannot be characterized as other than a clerical omission under the instant facts and circumstances.

██ It is generally held that the property description in a petition for condemnation is sufficient to confer jurisdiction on the County Court to entertain the proceedings, if the descriptive data would be sufficient to pass title were it contained in a deed; Parker v. Fort Worth & D. C. R. Co., 84 Tex. 333, 19 S.W. 518; Miers v. Housing Authority, Tex., 266 S.W.2d 842; it being equally well settled that a deed is valid when it describes the land by reference to the grantor's ownership. In Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, 223, the subject matter was described as "my property," consisting of " '20.709 acres of land out of the John Stephens 640 acre survey in Tarrant County, Texas' "; the Supreme Court holding in part: "The settled rule in this state is that such a description, by reason of the use * * * of such words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged * * * owns a tract and only one tract of land answering the description * * *." See also 16 Am.Jur., sec. 272, p. 591; 26 C.J.S., Deeds, § 30b, p. 215; 55 A.L.R. 163; 14 Tex.Jur., sec. 223, p. 1015; Long v. Shelton, Tex.Civ.App., 126 S.W. 40.

██ Appellee's petition is therefore deemed sufficient to confer jurisdiction and the trial court should have allowed amendment so as to complete the description of land by block number. Johnston v. Galveston County, Tex.Civ.App., 85 S.W. 511. This the court did by indirection in the judgment under review. Furthermore, defendant has adopted and given approval to the same property description in his action of withdrawal of the Commissioners' award and is hence in no position to complain. While the landowner may now withdraw the deposit without prejudice to his right of appeal on claim of inadequate damages, Thomas v. Housing Authority of City of

Dallas, supra, the rule stated in City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 479, would otherwise appear to be good law: "In cases in which there has been an attempt to condemn, but the proceedings are invalid for want of a compliance with the statute which authorized the condemnation, it is held that the owner, by accepting the condemnation assessed, makes the transaction effectual."

Appellant, on the other hand, argues a fatal insufficiency of description in appellee's petition for condemnation, thereby rendering the proceeding void ab initio; and that jurisdiction of the County Court cannot thereafter be acquired by waiver, estoppel, or conduct of the parties; citing numerous authorities in support, such as Parker v. Fort Worth & D. C. R. Co., supra; Hall v. Wilbarger County, Tex.Civ.App., 37 S.W.2d 1041; Wilbarger County v. Hall, Tex.Com.App., 55 S.W.2d 797, and Wooten v. State, 142 Tex. 238, 177 S.W.2d 56. With the principles applied in those cases, of course, we agree; our conclusion here being that under the facts at hand, the court's jurisdiction was such as to permit amendment of plaintiff's petition in matter of description. Johnston v. Galveston County, supra.

■ Appellant's reiterated position is that the court has acquired no jurisdiction over his property to condemn; and the Housing Authority, by converting same to its own use, was and is no more than a trespasser, Crockett having now a cause of action against it for such trespass and damage. Also that if appellant has withdrawn "a sum of money from the registry of the County Court without the court having authority to allow him to do so, then the appellee Housing Authority has a cause of action against the appellant for conversion of that money." If such be indeed the present legal status of the parties and we, therefore, in error in above conclusion of affirmance, then we have this to say: Under the Constitution of Texas, Art. I, sec. 17, Vernon's Ann.St., the landowner has a

vested right to adequate compensation for property taken under power of Eminent Domain, i.e., payment commensurate with the injury sustained, neither more nor less. Appellant has long since appropriated to his own use the sum of $9,750 of a larger jury award which is not complained of on this appeal as inadequate. It would appear that the landowner has thus elected to be bound by the jury verdict. His analysis of the instant situation would conceivably lead to double redress for a single wrong, which it is the usual duty of courts, both of law and equity, to prevent. To say the least, he should not be permitted to retain appellee's deposit and at the same time seek a judgment declaring void all the proceedings through which the money was paid.

■ Crockett has prosecuted this appeal without a statement of facts relating to the merits (jury issue on damages), the Authority bringing the same up in a volume of 292 pages styled "Partial Statement of Facts"; and appellant points out that in no event should he be taxed with the cost thereof—$200.85—the item being unnecessary to the issue of law now presented by him. The motion in question (dismissal for want of jurisdiction) was held under advisement by the trial court until hearing of the testimony by which he was presumably influenced in finally overruling the same. This part of the record was likewise of benefit to us in the same connection. We therefore dispose of the suggestion to retax costs as did the court in Lawrence v. Lawrence, Tex.Civ.App., 229 S.W.2d 219, syl. 8: "Where appellants did not file a statement of facts, and appellee over appellants' protest filed a statement of facts, and consideration of evidence was beneficial to court, such item of costs, as well as other costs of appeal, would be taxed against unsuccessful appellants. Rules of Civil Procedure, rule 435."

On grounds hereinabove stated, however, the judgment herein will be in all respects affirmed.