SACRED GARDENS OF MEMORY, INC., et al., Appellants,

v.

STATE of Texas, Appellee.

No. 13577.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 17, 1960.

Rehearing Denied March 16, 1960.

Fred C. Reeder, George Prowse, Wm. David Bonilla, Corpus Christi, for appellants.

Franklin L. Smith, County Atty., C. Edwin Prichard, Jr., Asst. County Atty., Corpus Christi, for appellee.

POPE, Justice.

State brought this proceeding to condemn a cemetery for the improvement of Highway 44 in Nueces County. Sacred Gardens of Memory, Inc., a perpetual care cemetery, appealed from the judgment upon the verdict rendered by the County Court at Law of Nueces County. Sacred Gardens here complains (1) that the State of Texas failed to follow the procedures outlined by Article 6674n, Vernon's Ann.Tex.Stats., and that the County Attorney of Nueces County lacked authority to represent the State, (2) that the lienholder for the condemned tract is a necessary party, but was not made a party to the condemnation proceeding, and (3) that Article 912a–11, Vernon's Ann.Tex.Stats., prohibits a condemnation of property dedicated to cemetery purposes.

 Sacred Gardens may not complain that the County Attorney had no authority to act as attorney for the State because it failed to furnish the field notes for the property condemned. Article 6674n charges the State Highway Commission with the duty of furnishing the Commissioners' Court with the plats or field notes of the right-of-way or land required. Sacred Gardens, however, withdrew the award made by the Special Commissioners, and in doing so waived its complaint. City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 44 S.W. 476; Crockett v. Hous-

ing Authority of City of Dallas, Tex.Civ. App., 274 S.W.2d 187. Accord, Thomas v. Housing Authority of City of Dallas, 153 Tex. 137, 264 S.W.2d 93.

■ Sacred Gardens, not the lienholder, complains that the one who holds a lien against the realty was not a party to the proceeding. The inferences from the record are that he too withdrew the award. However, in Union Fraternal Latino Americana v. City of San Antonio, Tex.Civ.App., 315 S.W.2d 68, this Court held that a party in the position of Sacred Gardens is not injured by the nonjoinder of other parties.

Sacred Gardens' third contention challenges the jurisdiction of the County Court. Article 912a–11, Vernon's Ann.Tex.Stats., states that property dedicated to cemetery purposes "shall be held and used exclusively for cemetery purposes, unless and until the dedication shall be removed by an order and decree of the district Court of the county in which the same is situated, in a proceeding brought therefor * * *. After such dedication and so long as said property shall remain dedicated to cemetery purposes, no railroad, street, road, alley, pipe line, telephone, telegraph, or electric line, or other public utility or thoroughfare whatsoever shall ever be laid out through, over, or across any part thereof, without the consent of the directors of the cemetery association owning or operating the same, or of not less than two-thirds of the owners of burial plots therein, * * * ." There was no proceeding brought in the District Court to remove the dedication.

■ Sacred Gardens complied with Art. 912a–10, Vernon's Ann.Tex.Stats., by platting the cemetery and by filing the map and certificate with the County Clerk. Oakland Cemetery Co. v. People's Cemetery Ass'n, 93 Tex. 569, 57 S.W. 27, 55 L.R.A. 503; Cedar Hill Memorial Cemetery Ass'n v. Storie, Tex.Civ.App., 281 S.W.2d 144. This was a dedication. Once dedicated, the quoted portions of Art. 912a–11 exempt dedicated cemetery property from condem-

nation for a road, unless (1) the dedication is removed by an order and decree of the district court, or (2) the directors of the cemetery association or two-thirds of the owners of burial plots in the cemetery consent to the road.

■ Sacred Gardens timely objected to the jurisdiction of the County Court to remove a dedication. State, on the other hand, argued that the dedication was a fraud upon the public, since it was hurriedly done in anticipation of the condemnation and for the sole purpose of enhancing the value of the land. The Association still owns all the lots. There were no interments in the cemetery, and the land is still exclusively used as a farm. The statute places jurisdiction in the District Court for the removal of a cemetery dedication, and the County Court may not decide that issue. If reasons exist to remove a dedication, it is the District Court which must hear and decide them. Pearson v. State, Tex., 315 S.W.2d 935; Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953, 955.

■ Article 912a–11 vests the directors of a cemetery association or two-thirds of the owners of burial plots, with the power to consent to a road through a cemetery. Though, in our opinion, the State is wrong in its contention that the County Court could determine the validity of the dedication, the directors of the cemetery association had the power to consent, and did consent, to the road.

The Association argues that it does not consent to a road as provided by Article 912a–11, yet it drew down the award deposited for the taking. By its actions, it is not the taking, but the amount of the award that the cemetery association protests. In City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 480, 44 S.W. 476, a married woman was not a party to a condemnation proceeding for the taking of her separate property. In taking the award, however, she gave her consent. The Supreme Court said, speaking of the husband and

wife, "Their consent and election is evidenced by their acceptance of the money, and neither can now disaffirm their action." In the case before us, as permitted by the statute, the Association exercised its consent by taking the award. Crockett v. Housing Authority of City of Dallas, Tex. Civ.App., 274 S.W.2d 187.

The judgment is affirmed.