Mrs. J. E. McCONNICO, Appellant,

v.

**TEXAS POWER & LIGHT COMPANY,**
Appellee.

No. 6325.

Court of Civil Appeals of Texas.

Beaumont.

March 17, 1960.

Rehearing Denied April 27, 1960.

W. G. Walley, Jr., Beaumont, R. C. Musslewhite, Lufkin, for appellant.

Ned Shands, Jr., Liberty, Burford, Ryburn & Ford, Dallas, for appellee.

McNEILL, Justice.

This is a condemnation proceeding. Appellee filed its petition with the County Judge of Angelina County to condemn an easement for electrical transmission to be constructed by it over appellant's land in said county. Special commissioners appointed by the County Judge awarded appellant the sum of $13,500 as damages by reason of the condemnation. Twice this sum was deposited by appellee in the registry of the court and appellant withdrew the sum of $13,500 therefrom, all as provided by Art. 3268, Vernon's Ann.Tex.Civ. St. Appellee filed its objection to the award and trial was had to a jury in the county court.

The easement or right of way condemned covered a tract of 4.91 acres of appellant's property. The high line would run so as to leave on the south side a tract of 6.4 acres of land and a larger tract to the north. The case was submitted on eight issues. Special Issue No. 1 required the jury to find the reasonable market value of the strip containing 4.91 acres immediately before the easement was placed thereon, to which the jury answered $3,928. Special Issue No. 2 required the jury to find the reasonable market value of this strip immediately after the easement was placed thereon, to which the answer was $785. Since the other issues are not directly involved, they are not described, but the total amount of damages allowed by the jury, including value of the easement amounted to $5,428. Upon this verdict the court struck a balance between the total amount allowed appellant as damages in the sum of $5,428 and the $13,500 which she had theretofore drawn from the registry of the court and rendered a net judgment of $8,072 in favor of appellee against appellant, and instructed the clerk to return the additional $13,500 deposited to appellee.

Appellant seasonably filed her amended motion for new trial which was overruled, as hereinafter more fully set forth, and appellant complains thereof.

Before the merits are reached we are met with appellee's counterpoints urging that since the transcript and statement of facts were filed after extension of time granted upon motions which failed to show good cause for late filing, the appeal should be dismissed. We have given consideration to these points but believe they should be overruled, and it is so done.

Appellant's first point is that since the trial court found that the award of the jury was inadequate he should have granted her motion for new trial and the second point asserts that the trial court erred in overruling the motion conditioned that appellee file a remittitur for the amount of $294.60 found by the court to constitute such inadequacy.

Among the grounds asserted in the amended motion for new trial was one that the award of damages made by the jury for the value of the easement taken was grossly inadequate by reason of the valuation given by the jury to the strip of land within the right of way taken after the taking by appellee. In overruling the amended motion for new trial the trial court did so "subject to a remittitur by plaintiff (appellee) of $294.60 on the judgment recovered by plaintiff against the defendant in this cause, to-wit, $8,072, said $294.60 being the difference in the finding of the jury in answer to Special Issue No. 2 and the highest value testified to by any witness as to the value of the strip being taken immediately after the condemnation."

This order further provided that if appellee failed to file such remittitur within the time prescribed by the court "then defendant's Amended Motion for New Trial will be and is in all things granted." Appellee filed such remittitur within the prescribed time.

Appellee counters appellant's first two points by stating that the trial court failed to make any finding that the award of damages was inadequate and that the answers of the jury were amply supported in the evidence. The court made no express finding on inadequacy; he had appellant's motion for new trial to dispose of and it asserted: (1) that the verdict of the jury in response to Special Issue No. 2 was without support of any evidence in the record; (2) that the answer to Issue No. 2 was against the overwhelming weight of the evidence; and (3) that the damage awarded by the jury was grossly inadequate by reason of the valuation set by it upon the strip of land within the easement taken immediately after the taking. While it was not clear upon what ground or grounds the court overruled the motion, it may be inferred that he was of the opinion that the answer of the jury to Issue No. 2 did not have support in the evidence, as he required the remittitur to bring the finding down to the highest value testified to by any witness after the taking. Whether that be so or not, however, we conclude that the jury's finding in answer to Special Issue No. 2 has support in the evidence and the remittitur was improperly required.

■ Appellant insists since no witness put the after taking value of the 4.91 acres as high as $785, the value found by the jury, that this finding is without support and should not stand. She correctly asserts that no witness testified to an amount as high as the jury placed the value of 4.91 acres within the right of way immediately *after* the placing of the easement upon it, the testimony ranging from a low of $73.65 to a high of $491. The testimony of witnesses with reference to the value of the 4.91 acres immediately *before* the easement was placed thereon ranged from a low of $1,718.50 to $4,910. The jury's answers to issues one and two were well within the range of this testimony. A jury is at liberty to reach its conclusion by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject of inquiry. They are not compelled to credit all the testimony of any witness or to reject it all. The answer of the jury to Special Issue No. 2 has support in the evidence. Maddox v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 293 S.W.2d 499; State v. Rigby, Tex.Civ.App., 324 S.W.2d 941.

■ Testimony was admitted over appellee's objection that appellee paid a Mrs. Ingram, whose property was immediately west of appellant's property, the sum of $1,000 per acre. To offset this testimony appellee's employee, Henry Jones, was permitted by the court to testify that appellee obtained a conveyance from Mrs. Ingram for the entire fee title rather than an easement, over appellant's objection that the best evidence of the effect of the conveyance mentioned would be the instrument of conveyance itself. This action of the court is complained of by appellant in her third point. The issue of title or damages to Mrs. Ingram's property was not involved in the present suit, but was purely an incidental or collateral matter, and we therefore think the trial court did not err in admitting the testimony. Larrabee v. Porter, Tex.Civ.App., 166 S.W. 395(10); Monk v. Danna, Tex.Civ.App., 110 S.W.2d 84(5); Vol. 2, McCormick & Ray, Evidence, Sec. 1568, pp. 417–418; 17 Tex.Jur. 489.

■ Appellant's fourth point asserts that the evidence fails to show appellee made a bona fide effort to agree with appellant on the amount to be paid for the easement and damages resulting therefrom prior to the institution of these proceedings. While we think that there may have been evidence from which an implied finding

that such effort was made so as to support the judgment of the trial court, Curfman v. State, Tex.Civ.App., 240 S.W.2d 482, since appellant and her attorneys appeared before the special commissioners and presented evidence concerning the value of the land, and having drawn down the amount of damages allowed by the commissioners in the amount of $13,500 she thereby no doubt waived her right to complain that any preliminary negotiations had not been properly made. Crockett v. Housing Authority, Tex.Civ.App., 274 S.W.2d 187.

■ Appellant's fifth and last point asserts that the trial court erred in admitting in evidence over her objection certain photographs of a power line easement in the City of Tyler showing uses made of the land within the right of way in Tyler by persons unknown to appellant. Objection was made that the photographs depicted scenes of property not within the reasonable confines of the property involved, in a place remote from Angelina County. After proof that the photographs depicted scenes similar to the one involved, the court allowed the introduction of the evidence. This was not error. Woolam v. Central Power & Light Co., Tex.Civ.App., 211 S. W.2d 792; Wise v. City of Abilene, Tex. Civ.App., 141 S.W.2d 400.

■ Appellee having complained in this court of the requirement of the remittitur in the sum of $294.60 made by the trial court in overruling appellant's motion for new trial, as it is permitted to do under Rule 328, Texas Rules of Civil Procedure, the judgment of the lower court is reformed so as to eliminate such remittitur thus allowing appellee to recover of and from appellant the sum of $8,072 with interest at 6 percent per annum thereon from March 21, 1959, as provided in the original judgment of the court dated March 21, 1959. The effect of our ruling is to leave said last mentioned judgment in full force and effect.

Reformed and as reformed, affirmed.