The STATE of Texas, Petitioner,

v.

Thomas E. JACKSON, Respondent.

No. A–10477.

Supreme Court of Texas.

April 7, 1965.

W. G. Walley, Jr., Beaumont, for petitioner.

Fred A. Carver, Beaumont, for respondent.

NORVELL, Justice.

This is a condemnation case in which the judgment of the County Court at Law of Jefferson County recites that the Special Commissioners in condemnation had made a money award to respondent, Thomas E. Jackson for a small tract of 0.018 of an acre owned by him and condemned by the State of Texas; that the award money had been deposited with the County Clerk of Jefferson County and withdrawn by the respondent; that the State of Texas had duly excepted to the award of the Special Commissioners and thus invoked the jurisdiction of the County Court at Law and that upon the trial the judge had instructed the jury to return a verdict for respondent for the sum of $1.00. Judgment was accordingly rendered that the State recover of respondent the title and possession of the 0.018 acre tract of land involved and further awarding the State a money judgment for the amount of the money award made by the Special

Commissioners and withdrawn from the registry of the Court by the respondent, less the one dollar nominal damages found by the jury in accordance with the judge's instruction. The Court of Civil Appeals reversed. 383 S.W.2d 647.

We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court. The respondent, as defendant in the County Court at Law, filed no answer and introduced no evidence as to the value of the 0.018 acre tract of land. However he did file two motions in the trial court asserting that the cause should be dismissed or that the judge should instruct the jury to find for the respondent in the amount of the Special Commissioners' award. Seemingly in support of the position taken in such motions, respondent here argues that the State failed to prove facts said to be essential to the trial court's jurisdiction "for the reason that the State introduced no proof whatsoever of the necessity of the taking of respondent's strip of land, nor of any bona fide effort to agree with respondent as to the value of the land or the amount of damages." [1]

■■■ We do not have a jurisdictional question involved here. The jurisdiction of the County Court at Law was properly invoked by the State when it timely excepted to the award of the Special Commissioners. Article 3266, § 6; State v. Nelson, 160 Tex. 515, 334 S.W.2d 788 (1960); Pearson v. State, 159 Tex. 66, 315 S.W.2d 935 (1958). By accepting the award of the Special Commissioners the respondent is precluded from contesting the State's right to take the property. Article 1, § 17 of the Texas Constitution, Vernon's Ann.St. in part provides that, "No person's property shall be taken * * * for or applied to public use without adequate compensation being made, *unless by the consent of such person;* * * *." After an award has been made, and the money deposited in the registry of the Court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful. In legal contemplation, he has consented to such taking and will not be permitted to retain his compensation and at the same time assert that the condemning authority had no right to take his property under the eminent domain power. This point was settled by this Court's decision in City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 44 S.W. 476 (1897).[2] See also, McConnico v. Texas Power & Light Company, 335 S.W.2d 397 (Tex.Civ. App., 1960, wr. ref., n. r. e.), Sacred Gardens of Memory, Inc. v. State, 334 S.W.2d 220 (Tex.Civ.App., 1960, no wr. hist.), 22

1. The State in its application for writ of error asserts that the judgment of the trial court was a nihil dicit judgment in that the respondent filed no answer and hence the allegations in the State's pleadings as to jurisdictional requisites and preliminary matters taking place before the institution of the judicial proceedings in the County Court at Law must be taken as true. It is not necessary to decide this question raised by the State in order to dispose of this cause.

2. The eminent domain statutes have been amended since the decision in City of San Antonio v. Grandjean, so as to allow the landowner or condemning authority to litigate the amount of damages which should properly be paid to the landowner. This matter was settled by this Court in Thomas v. Housing Authority of City of Dallas, 153 Tex. 137, 264 S.W. 2d 93 (1953). With reference to the Thomas case and *Grandjean*, the Dallas Court of Civil Appeals in Crockett v. Housing Authority of the City of Dallas, 274 S.W.2d 187 (Tex.Civ.App., 1954, no wr. hist.), correctly observed that:

"While the landowner may now withdraw the deposit without prejudice to his right of appeal on claim of inadequate damages, Thomas v. Housing Authority of City of Dallas, supra, the rule stated in City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 479, would otherwise appear to be good law: 'In cases in which there has been an attempt to condemn, but the proceedings are invalid for want of a compliance with the statute which authorized the condemnation, it is held that the owner, by accepting the condemnation assessed, makes the transaction effectual'."

Tex.Jur.2d 380, Eminent Domain, § 266—Waiver of right to object to appropriation.

 Respondent was entitled to litigate the issue of adequate compensation in the County Court at Law. Thomas v. Housing Authority of City of Dallas, 153 Tex. 137, 264 S.W.2d 93 (1953). He admits, however, (on authority of Ready v. City of Marshall, 234 S.W.2d 104, Tex.Civ. App., 1950, no wr. hist. which he cites) that the burden of proving the value of the property taken rested upon him. Upon the question of burden of proof, the holding in *Ready* is undoubtedly correct, Aue v. State, 77 S.W.2d 606 (Tex.Civ.App., 1934, wr. ref.); Roberts v. Robertson County, 48 S.W.2d 737 (Tex.Civ.App., 1932, wr. ref.); Hale v. Lavaca County Flood Control Dist., 344 S.W.2d 245 (Tex.Civ.App., 1961, no wr. hist.); City of Fort Worth v. Miller, 336 S.W.2d 296 (Tex.Civ.App., 1960, ref., n. r. e.), 22 Tex.Jur.2d 409, Eminent Domain, § 292, Damages. As respondent adduced no evidence relating to the issue of value, the trial court was necessarily constrained to instruct the jury to return a verdict for nominal damages. Accordingly the judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.