**Marilou McCAMPBELL et al., Appellants,**

**v.**

**COASTAL STATES CRUDE GATHERING COMPANY, Appellee.**

**No. 184.**

Court of Civil Appeals of Texas.

Corpus Christi.

Feb. 24, 1966.

Rehearing Denied March 17, 1966.

Huggins, Vickery & McConnell, by Charles R. Vickery, Jr., and Harley W. McConnell, Houston, for appellants.

W. T. Blackburn, Corpus Christi, for appellee.

NYE, Justice.

This is a condemnation case in which the plaintiff, Coastal States Crude Gathering Company, sought to condemn an easement for pipeline across the land of the defendants. Victoria Bank & Trust Company, as trustee for Marilou McCampbell, the defendants in the trial court and appellants here, questions the jurisdiction of the county court to render judgment in this case.

The record reflects that the plaintiff filed with the county judge of Victoria County its statement in writing of its intention to condemn a certain easement across defendants' property. Regular proceedings were held before the Special Commissioners who were duly appointed. After notice was given to the defendants and a hearing was had before the Commissioners, an award representing the value of the 3.84 acres taken, was made by the Commissioners in the amount of $3,208.76. This was filed with the Judge of the County Court. The plaintiff deposited twice the amount of the award in the registry of the court and took

possession of the property. Art. 3268 Vernon's Ann.Tex.Civ.St. Defendants thereafter filed a motion to withdraw the amount of the award, stating that the Commissioners' award should be distributed to the Victoria Bank & Trust Company, Trustee for Marilou McCampbell, and that the County Court should order the clerk of that court to promptly pay the defendants the sum of $3,208.76, without prejudicing the right of either party to a determination of the damages by the Court, subsequently.

The County Court thereupon granted the motion and paid to the defendants out of the registry of the court, the amount determined by the Special Commissioners. The defendants timely filed their objections to the award, contending: (1) that the award was grossly inadequate and (2) that the statutory measure of damages was not used by the Special Commissioners in arriving at their award.

The case was tried before a jury in the county court. The record shows that the defendants, the appellants herein, assumed the burden of going forth with the evidence at the beginning of the trial in the normal position of plaintiff, seeking to establish the damages to their property. Rule 265 Texas Rules of Civil Procedure. In response to the answers by the jury to a number of special issues, judgment was entered, granting the plaintiff an easement to construct a pipeline across the defendants' property, and awarded the defendants the sum of $1,209.00. The judgment recognized that the plaintiff had heretofore deposited the sum of $3,208.76 and that the defendants had withdrawn that amount. It was therefore ordered that the defendants pay the difference of $1,999.76 to the plaintiff.

The court found in its judgment that "* * * Defendants had waived all questions concerning the right of Plaintiff to condemn this property and the fulfilling of the prerequisites necessary to give jurisdiction to this Court, and that the only matter left for the consideration of the Court and the Jury at the time of trial were questions concerning the damages caused to Defendants' real estate by Plaintiff, * * *." At no time did defendants tender or pay the award money previously withdrawn and held by the defendants, to the plaintiff, nor did they move for a directed verdict or for a dismissal of the proceedings based upon the failure of the plaintiff, the appellee herein, to prove jurisdictional facts in the county court. However, defendants predicate their appeal on the sole question of the jurisdiction of the county court, contending that the plaintiff failed to prove facts establishing (a) the public interest, (b) facts empowering plaintiff to condemn and (c) the jurisdiction of the court over the subject matter, i. e., the right afforded them to condemn. The question narrows itself on appeal in this court to: Did the withdrawal by the landowners, defendants, of the amount of the award which plaintiff deposited in the registry of the court, obviate the necessity of plaintiff introducing any evidence to establish jurisdictional facts in the county court? The plaintiff admits that there was no evidence introduced by it except as to the element of damages. The appellant-defendant raises no point on appeal on the question on the adequacy of the damages, but attacks the judgment of the county court solely on the question of its jurisdiction to enter the judgment hereinabove set forth.

The plaintiff-appellee's statement was filed with the County Judge in the county where the land was situated. It clearly sets forth the plaintiff's name, its principal place of business, and the nature of its business. The petition statement sets forth the necessity and the plaintiff's purpose for acquiring the property; a complete description of the land sought to be taken; the names of the owners of the property; and the statutes under which the legislative body had vested in plaintiff its right of eminent domain for the purpose of acquiring easements and rights of way. The plaintiff plead that it has made a bona fide effort to agree with the defendants as to the value

of the right of way and easement sought to be condemned, but that the negotiations were unsuccessful. The judgment recited that all procedural matters, proper notice to defendants, and objections to the award were given. There is no question that the county court of Victoria County has actual potential jurisdiction to decide cases of eminent domain.

The record indicates to us that all of the proceedings through the Commissioners' decision and award were regular and in compliance with the statutes authorizing the plaintiff to condemn the subject property. Art. 3264, V.A.T.S., et seq.; Art. 6022, V.A.T.S.; Art. 2.01 B(3) (b), Texas Business Corporation Act. Where the award of the Commissioners has been deposited by the condemnor in compliance with Art. 3268 V.A.T.S. and thereafter appropriated or accepted by the condemnee, such condemnee is thereafter precluded from contesting the condemnor's "right to condemn" the property. The Supreme Court of Texas has so held. State v. Jackson, 388 S.W.2d 924 at 925, Sup.Ct.1965. In a situation where the plaintiff wishes to take possession of the property after the award has been made, Art. 3268 V.A.T.S., Sec. 3, provides that: Should it be determined on final decision of the case of condemnation that the *"right to condemn"* the property does not exist the plaintiff shall surrender possession thereof and the court shall order a writ of possession and determine the amount of damages, if any, suffered by the defendant. However, if the "right to condemn" has been agreed to by the condemnee by his acceptance or appropriation of the award of the special commissioners, it seems to us that the latter part of Section 3 of this Article 3268 properly provides for the situation we have before us, where it says: " * * * ; provided, that in any case where the award paid the defendant or appropriated by him exceeds the value of the property as *determined by the final judgment*, the court shall adjudge the excess to be returned to the plaintiff." (emphasis supplied). This

would seem to us to limit the defendant in condemnation to determination of the value of his property where the amount of the award was appropriated by him or was paid and accepted by him before the court rendered final judgment. See Henslee v. State, Tex.Civ.App., 375 S.W.2d 474, wr. ref., n. r. e. (1963), where in effect only damages were considered on appeal. This is true because the "right to condemn" is conceded when the defendant accepts the award. State v. Jackson, supra. This reasoning is further indicated by virtue of the Constitution of the State of Texas in Article I, Section 17, Vernon's Ann.St., wherein it provides that:

"No person's property shall be taken, * * * or applied to public use without adequate compensation being made, unless *by the consent of such person*; * * *." (emphasis supplied)

The appropriation or acceptance of the award by the defendants before final judgment was entered was tantamount to consent. State v. Jackson, supra.

This we believe was the holding of the Supreme Court of Texas in State v. Jackson, 388 S.W.2d 924 (1965). The Supreme Court said:

" * * * After an award has been made, and the money deposited in the registry of the Court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful. In legal contemplation, he has consented to such taking and will not be permitted to retain his compensation and at the same time assert that the condemning authority had no right to take his property under the eminent domain power. This point was settled by this Court's decision in City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477, 44 S.W. 476 (1897). See also, McConnico v. Texas Power & Light Company, 335 S.W.2d 397 (Tex.Civ.App.1960, wr. ref., n. r. e.), Sacred Gardens of Memory, Inc. v. State, 334 S.W.2d 220 (Tex.Civ.App.

1960, no wr. hist.), 22 Tex.Jur.2d 380, Eminent Domain, § 266—Waiver of right to object to appropriation."

The acceptance of the award of the special commissioners by the defendants precluded them from contesting the condemnor's right to take the property. Art. 3266, Sec. 6, V.A.T.S.; State v. Nelson, 160 Tex. 515, 334 S.W.2d 788, 1960; Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 1958; Crockett v. Housing Authority of City of Dallas, 274 S.W.2d 187.

This appeal is not a proper contest of the jurisdiction of the county court under these facts. Defendants themselves invoked the jurisdiction of the county court by objecting to the award of the special commissioners. Art. 3266, Sec. 6, V.A.T.S. Their complaint here in effect is, that the plaintiff failed to prove jurisdictional facts. The defendants by accepting and retaining the award after regular proceedings were had before the commissioners, have in legal contemplation consented to the proceedings in the county court. They are only entitled to litigate the issue of adequate compensation. Thomas v. Housing Authority of City of Dallas, 153 Tex. 137, 264 S.W. 2d 93 (1953), State v. Jackson, supra.

Appellants' points of error are overruled. Judgment of the trial court is affirmed.

SHARPE, Justice (concurring).

I concur in affirmance of the judgment below for the reasons stated in this opinion.

In my view, all of appellants' five points of error are squarely answered by appellee's single counterpoint and the argument made thereunder. Appellee's basic position is that the withdrawal of the commissioners' award by the landowner made it unnecessary for appellee, the condemning authority, to go forward with any evidence and left for determination only the issues of damage caused by the taking, placing reliance upon the case of State v. Jackson,

388 S.W.2d 924 (Tex.1965), and the cases therein cited. That correct contention requires affirmance of the judgment.

Appellants' argument in support of their points is primarily based upon the case of Wilbarger County v. Hall, 55 S.W.2d 797 (Tex.Comm.App.1932, judgment approved, but opinion not adopted by the Supreme Court). Appellants' brief contains the following statement: "The case comes down to simply this—Is Appellant within the jurisdictional holding of *Wilbarger County* (Com. A), 55 SW (2) 797, or within the waiver holding of State v. Jackson, —— Tex. ——, 388 SW (2) 924; the two cases are not in conflict; this case is controlled by the *Wilbarger County* holding, and Appellant is entitled to dismissal." In my view, appellants' reliance upon *Wilbarger* is misplaced for several reasons. There the evidence did not show that the landowner had withdrawn the amount of the award deposited in the registry of the court, and there was no question about the effect of a withdrawal upon the jurisdiction of the county court to try the condemnation case; nor was there such withdrawal in any of the cases cited by *Wilbarger* as authority for its holding that the condemnation proceeding there involved was a nullity. Further, in *Wilbarger* and the cases therein cited it appeared that the condemnor was proceeding to condemn in a manner not authorized under the statutes, particularly because the County was seeking to condemn on its own initiative for State Highway purposes; and in each case the Court held that the County was required to file the cases on behalf of the State Highway Commission, and that suits filed on the sole initiative of the County were void. The cases relied upon by appellants turn on the interpretation of the particular statute involved and are not relevant to the case now before us. In *Wilbarger* there was an attempt to confer jurisdiction by agreement, while in State v. Jackson, supra, in the cases cited therein, and in the instant case, there was no such attempt. Here the judgment of the trial court is premised

upon the view that the landowners are precluded from asserting that the condemning authority had no right to take their property under the power of eminent domain because they withdrew the commissioners' award. In effect, the appellants elected to withdraw the award and to seek additional damages rather than to contest appellee's right to condemn. See Crockett v. Housing Authority of City of Dallas, 274 S. W.2d 187, 190 (Tex.Civ.App.1954 n.w.h.) which case is referred to in footnote 2 of State v. Jackson, at 388 S.W.2d 925. I believe that the holding in State v. Jackson, supra, controls the disposition of this case rather than that in Wilbarger County v. Hall, supra.

I am further of the view that Section 3 of Article 3268, V.A.C.S., need not be considered in support of appellee's position here. The first portion of that section is clearly applicable to a case where it is finally determined that the right to condemn does not exist, which necessarily involves the premise that said issue can be properly litigated; and, further, the damages there involved are those accruing to the defendant (landowner) by virtue of the temporary possession of the plaintiff (condemnor), and the landowner's recovery is not in terms of adequate compensation upon a lawful taking. The last provision of Section 3, following the only semicolon in it, relates to any case where there is a lawful taking and the award which has been paid to or appropriated by the landowner exceeds the value of the property as determined by the final judgment; in which event the court shall adjudge the excess to be paid to the condemnor. It thus appears that the first provision of Section 3 affords protection to the landowner where the attempt to take his property is unlawful, and the second provision thereof affords protection to the condemnor where there is a lawful taking and a refund is due from the landowner. Although Section 3 of Art. 3268 covers the fact situation as to reimbursement of the condemnor herein, in my view it does not

assist in resolving the controlling question presented in this case relating to whether the condemnor was relieved from the necessity of offering evidence to establish its right to condemn because the landowner withdrew the commissioners' award.

I believe that the line of authority culminating in State v. Jackson, supra, is controlling here and that Wilbarger County v. Hall, supra, and the other cases relied on by appellants are not in point. It appears that the case was fairly and properly tried in the lower court and its judgment should be affirmed.