**James R. BROWN, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

No. 5681.

Court of Civil Appeals of Texas, Waco.

April 14, 1977.

Douglas R. Larson, Johnston, Larson & Dixon, Dallas, for appellant.

Lee E. Holt, Douglas H. Conner, III, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from summary judgment plaintiff Brown take nothing in suit against defendant City for damages for destruction of plaintiff's personal property located on premises condemned from plaintiff by the City.

Plaintiff sued defendant to recover damages for his furniture and fixtures left in a building on Second Avenue in Dallas. Plaintiff alleged the City condemned such property; that the Commissioners awarded him $17,500; that he appealed such award; that he (with others) filed suit in Federal Court to have such condemnation proceedings declared unconstitutional; that an agreement was entered between his attorney and the City Attorney that no property owner need relinquish his property until the federal litigation was completed; that on October 4, 1971, the City without a Writ of Possession bulldozed the building on the real estate condemned, destroying some $12,000. worth of personal property left in the building; for which plaintiff sought damages.

Defendant City denied all plaintiff's allegations, and further plead plaintiff was personally present and represented by counsel in the condemnation case when he was awarded $17,500. for the property; that

City had deposited such amount; and that plaintiff knew or should have known of the City's intention to take possession.

Defendant thereafter filed motion for summary judgment.

The record on summary judgment shows plaintiff's real estate was condemned on September 30, 1970; that plaintiff was awarded $17,300. plus $200. for moving expense; that the City deposited such amount in the registry of the court; that same "was withdrawn" on November 4, 1970; that plaintiff denied receiving same; that plaintiff appealed from the award; that plaintiff's attorney did not agree with defendant's attorney to postpone any owner's relinquishment of possession; that the City notified plaintiff's attorney August 2, 1971, that it "plans to take possession of the property and remove all improvements this week"; and that the City did take possession and bulldozed the building on the property on October 4, 1971.

The trial court granted defendant's motion, and rendered summary judgment plaintiff take nothing.

Plaintiff appeals on one point: The District Court erred in granting the motion for summary judgment.

█ Summary judgment should not be granted, and if granted should be affirmed only if the summary judgment proof establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.*, Tex., 450 S.W.2d 827; all burdens are on the movant. *Swilley v. Hughes*, Tex., 488 S.W.2d 64. The party opposing the motion for summary judgment is not required to establish his right to prevail. *Glenn v. Prestegord*, Tex., 456 S.W.2d 901; *Lewter v. Dallas County*, Tex.Civ.App. (Waco) NRE, 525 S.W.2d 885; *Watts v. Everett*, Tex.Civ.App. (Waco) NWH, 543 S.W.2d 14.

Article 3268 VATS provides that in the event the condemnor "desire to enter upon and take possession of the property sought to be condemned, pending litigation, it may do so at any time after the award of the commissioners, upon the following conditions": a) by paying to the landowner the

amount of damages awarded against condemnor, or b) deposit the same in money in court, "subject to the order of the defendant (landowner)"; and pay the court costs; plus other requirements not here pertinent. The words "subject to the order of the defendant", mean that the landowner can withdraw the deposit. *Thomas v. Housing Authority of City of Dallas*, 153 Tex. 137, 264 S.W.2d 93.

The record on summary judgment establishes the City deposited the amount of the award in court subject to the order of the landowner; but it does not establish that the City has paid the court costs.

 The City secured an order of possession from the Judge of the County Court at Law which they rely on as entitling them to possession. But no writ of possession was ever issued pursuant to such order. The order issued by the County Court at Law, absent a writ of possession, does not entitle the City to take possession.

The City as movant for summary judgment did not establish its entitlement to same as a matter of law.

Plaintiff's point is sustained.

REVERSED and REMANDED.