**TEJAS GAS CORPORATION,**
**Appellant,**

v.

**Bob J. HERRIN, M.D., and Wife, Margaret Herrin, and Metropolitan Life Insurance Company, Appellees.**

**No. 9388.**

Court of Appeals of Texas,
Texarkana.

Nov. 19, 1985.

Rehearing Denied Jan. 21, 1986.

James L. Weber, Robert A. Black, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellant.

Carl Roth, Jones, Jones, Baldwin, Curry & Roth, Marshall, for appellees.

BLEIL, Justice.

Tejas Gas Corporation appeals an adverse judgment based on a jury verdict in a condemnation proceeding. Tejas raises the significant question of whether the landowners' withdrawal of money deposited in the registry of the court by Tejas waived their right to contest the actual taking of the land, even though the landowners redeposited the funds with interest before trial. Tejas also challenges the admission of certain testimony and the adequacy of the evidence to support the finding that it acted arbitrarily and capriciously in condemning the property. We resolve all issues in favor of the owners of the interests in the land and affirm.

Tejas started condemnation proceedings against land owned by Bob and Margaret Herrin and in which Metropolitan Life Insurance Company held a security interest in order to acquire a right-of-way and easement for the construction and operation of a pipeline. The duly appointed special commissioners found, on July 7, 1978, the value

of the land taken and damages to the Herrins and Metropolitan Life to be $7,536.32. On the same day, Tejas deposited the amount of the commissioners' award into the registry of the court, along with the other statutorily required sums and bonds, and obtained an order for possession of the property. On July 13, 1978, the Herrins and Metropolitan Life asked to withdraw the amount of the commissioners' award from the court. Five days later, the trial court allowed the landowners to withdraw the money. Before trial, the landowners redeposited with the court the amount of the commissioners' award with interest and amended their pleadings to challenge Tejas's right to condemn the property. Tejas moved to limit the evidence, requesting that no evidence be admitted at trial concerning Tejas's compliance with the condemnation statute. It also asked the court to strike portions of the landowners' answer that challenged Tejas's authority to condemn. The trial court denied these motions. The jury found that Tejas had acted arbitrarily and capriciously in determining the amount of land taken by the pipeline and/or in selecting the route for the pipeline.

When an entity with eminent domain authority wants to acquire real property for public use but is unable to agree with the landowner on the amount of damages, the condemning entity may begin a condemnation proceeding by filing a petition in the proper court. Tex.Prop.Code Ann. § 21.012(a) (Vernon 1984). The judge of that court appoints three special commissioners to assess the damages to the landowner. Tex.Prop.Code Ann. § 21.014(a) (Vernon 1984). If a party objects to the findings of the special commissioners, the court then cites the adverse party and tries the case in the same manner as in other civil causes. Tex.Prop.Code Ann. § 21.018(b) (Vernon 1984). If the condemnor wants to have possession of the property pending the results of further litigation, it can obtain a writ of possession by following the requirements of Tex.Prop.Code Ann. § 21.021 (Vernon 1984). Under that section, to take

possession of the property, the condemnor must: (1) pay to the property owner the amount of damages awarded by the special commissioners or deposit that amount of money with the court subject to the order of the property owner; (2) deposit with the court either the amount awarded by the special commissioners or a surety bond conditioned to secure payment of damages in excess of the special commissioners' award; and (3) execute a bond approved by the court and conditioned to secure payment of additional costs that may be awarded to the property owner by the trial court or on appeal. If the condemnor takes possession of the property pending litigation but does not pay the amount of damages awarded by the special commissioners directly to the landowner, the landowner may then withdraw that amount from the court. If the court finally determines that a condemnor who has taken possession of the property pending litigation did not have the right to condemn the property, the court must order the condemnor to surrender the property and may award to the property owner the damages that resulted from the temporary possession. Tex.Prop.Code Ann. §§ 21.044, 21.062 (Vernon 1984).

◼ Tejas complains that the trial court erred in permitting the Herrins and Metropolitan Life to contest its right to condemn the property after they had withdrawn and then redeposited the amount of the special commissioners' award. The rule concerning the effect of the landowner's withdrawal of the amount of the special commissioners' award from the registry of the court is that after the landowner has withdrawn the amount of the award, he will not be permitted to retain the compensation and at the same time assert that the condemning authority had no right to take the property under the eminent domain power. *State v. Jackson,* 388 S.W.2d 924 (Tex. 1965); *Perry v. Texas Municipal Power Agency,* 667 S.W.2d 259 (Tex.App.-Houston [1st Dist.] 1984, writ ref'd n.r.e.).

The Herrins and Metropolitan Life, owners of the interests in the property, did not retain the amount of the special commis-

sioners' award and at the same time complain that Tejas had no authority to condemn the property. When the amount of the award was withdrawn from the court, the owners of the interests in the property did not contest Tejas's authority to condemn the property. When, after obtaining more information, the Herrins and Metropolitan Life decided to contest the authority of Tejas to condemn the property, they redeposited the amount of the award with the court and amended their pleadings to contest Tejas's right to condemn the property.

Condemnation proceedings are to be tried in the same manner as other civil cases, once a party files an objection to the findings of the special commissioner. Tex. Prop.Code Ann. § 21.018(b) (Vernon 1984); *Denton County v. Brammer,* 361 S.W.2d 198 (Tex.1962); *see Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240 (Tex. 1984). Tex.R.Civ.P. 63 provides that parties may amend their pleadings as long as it does not surprise the opposite party; this privilege is mandatory and a matter of right. *City of Waco v. Texas Coffin Co.,* 472 S.W.2d 800 (Tex.Civ.App.-Waco 1971, writ ref'd n.r.e.); *M.C. Winters, Inc. v. Lawless,* 407 S.W.2d 275 (Tex.Civ.App.-Dallas 1966, writ dism'd). Tejas shows no surprise by the amendment of the landowners' pleadings to contest Tejas's right to condemn their property. The first amended answer that contested the right to condemn the property was filed in November 1982, two years before the trial in November, 1984.

◼ Tejas contends that the Herrins and Metropolitan Life should not be allowed to contest the right to condemn the property, having once withdrawn the amount of the special commissioners' award, because of detrimental reliance on the withdrawal by the pipeline company in building a pipeline on the property. The order for writ of possession obtained by Tejas provided for the issuance of a writ of possession that allowed Tejas to take immediate possession of the property interests being condemned for the purpose of con-

structing, inspecting, operating, maintaining, and repairing Tejas's pipeline. This order was granted on the same day that the special commissioners announced their award and before the amount of the award was withdrawn from the court. Under the statutory scheme for condemnation, the condemnor always takes possession of the property before the landowner withdraws the amount of the award because the deposit of the amount of the award is only made if the condemning authority wants to take possession of the property pending litigation. Tejas had the authority to construct the pipeline on this property under the writ of possession, whether or not the amount of the award was withdrawn. Because this particular pipeline project included approximately forty-seven miles of pipeline, of which the property in this case was only a small part, and because Tejas applied for a writ of possession on the same day that the special commissioners made their award, it is reasonable to assume that Tejas would have constructed the pipeline on the property whether or not the Herrins and Metropolitan Life withdrew the amount of the award.

It is not unusual for the condemning authority to take possession of the property and construct improvements on it pending litigation, even in cases in which the court may ultimately decide that the condemning authority has no right to condemn the property; indeed, our condemnation procedures contemplate just such action on the part of the condemning authority. When a condemning authority has taken possession of the property and devoted the property to its own use, such as installing a pipeline, and the court ultimately determines that the condemning authority lacks the right to condemn the easements, the court may order the condemning authority to relinquish possession of the easements, remove the pipeline, and compensate the landowner for any damages sustained as a result of the temporary possession. Tex. Prop.Code Ann §§ 21.044, 21.062 (Vernon 1984); *Coastal Industrial Water Authority v. Houston Lighting & Power Co.*, 564 S.W.2d 389 (Tex.Civ.App.-Houston [14th Dist.] 1978, no writ). Given the nature of our condemnation procedures, Tejas could not reasonably have been relying on the withdrawal of the amount of the special commissioners' award when it constructed the pipeline on this property.

■ Tejas complains that there was no evidence to justify submission of the arbitrary and capricious issue to the jury. The trial court may decline to submit a relevant issue only if there is no evidence to support it. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61 (Tex.1983). Tejas also complains that there was no evidence to support the jury's finding that Tejas located the pipeline in an arbitrary or capricious manner or determined the amount of land to be taken in an arbitrary or capricious manner and that the finding was against the great weight and preponderance of the evidence. In reviewing a no evidence point, we consider only the evidence tending to support the finding, viewing it in the light most favorable to the finding, giving effect to all reasonable inferences therefrom, and disregarding all contrary or conflicting evidence. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400 (Tex.1981). An insufficient evidence point requires us to consider and weigh all the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). We find that the evidence supports both the submission of the issue to the jury and the jury's finding that Tejas acted arbitrarily and capriciously in determining the amount of land taken by the pipeline and/or in selecting the route for the pipeline and that that finding is not against the great weight and preponderance of the evidence.

■ Tejas also complains that the trial court erred in allowing the Herrins and Metropolitan Life to question witnesses concerning newspaper accounts of pipeline explosions and deaths. It objected to the use of the newspaper accounts on the basis that they were hearsay. A landowner is entitled to prove that fear of pipelines on the part of the buying public diminished the value of the land. *Delhi Gas Pipeline*

*Co. v. Reid,* 488 S.W.2d 612 (Tex.Civ.App.-Waco 1972, writ ref'd n.r.e.). The three witnesses who were questioned about the newspaper accounts were all expert witnesses. Each gave their opinion concerning the public's fear or lack of fear of gas pipelines. The newspaper accounts were not offered in evidence for the truth of the matter asserted, but were used to test the basis of the expert's opinion on the public's fear of pipelines. Because the newspaper accounts were not offered in evidence to prove the truth of the matter asserted, they are not hearsay. Tex.R.Evid. 801(d).

We affirm the trial court's judgment.

GRANT, J., not participating.