## TEJAS GAS CORPORATION, Petitioner,

v.

## Bob J. HERRIN et al., Respondents.

### No. C–5124.

Supreme Court of Texas.

July 16, 1986.

Rehearing Denied Oct. 8, 1986.

Robert A. Black, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for petitioner.

Carl Roth, Rosemary T. Snider, Jones, Jones, Baldwin, Curry & Roth, Marshall, for respondents.

PER CURIAM.

Tejas Gas Corporation instituted condemnation proceedings against land owned by Dr. and Mrs. Bob J. Herrin, in which Metropolitan Life Insurance Company had a security interest. Herrin challenged Tejas' right to condemn and the amount of the compensation award. In a jury trial, the trial court found that Tejas was not entitled to exercise the right of eminent domain or, alternatively, in the event this finding was vacated on appeal, that Herrin was entitled to $141,000 compensation from Tejas. On appeal, the court of appeals affirmed the judgment of the trial court. 705 S.W.2d 177. We grant the application for writ of error, and, pursuant to Tex.R. Civ.P. 483, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and upholds the alternative finding of the trial court that Herrin is entitled to $141,000 compensation from Tejas.

In 1978, Tejas instituted condemnation proceedings against Herrin's land to acquire a right of way and easement to construct a pipeline. The special commissioners awarded Herrin $7,536 in compensation. After Tejas deposited this amount into the court registry, Herrin filed objections solely to the amount of the award and later withdrew from the registry the entire award. In 1982, Herrin amended his pleadings to contest Tejas' right to condemn his property and redeposited the entire award with interest into the court registry. In 1984, Herrin again amended his pleadings to assert that Tejas had grossly abused its discretion in selecting the route and/or the amount of land needed for the pipeline. Tejas' motion to restrict the issues at trial to the value of the easement taken and damage to the land was denied.

In its application for writ of error, Tejas contends that the trial court erred in allowing Herrin to contest Tejas' right to condemn. In *State v. Jackson*, this court stated:

> After an award has been made, and the money deposited in the registry of the court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful.

388 S.W.2d 924, 925 (Tex.1965). This statement is an absolute rule of law which does not yield to surrounding circumstances.

After Herrin withdrew the award, the trial court denied Tejas' motion to restrict the issues at trial to the value of the easement taken and damage to the land. The *Jackson* rule dictates that the trial court should have granted Tejas' motion. Accordingly, in affirming the trial court's judgment, the court of appeals misconstrued the *Jackson* rule.

Consequently, we grant the application for writ of error, and, pursuant to Tex.R. Civ.P. 483, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and upholds the alternative finding of the trial court that Herrin is entitled to $141,000 compensation from Tejas.