Doris M. TIGNER, Appellant,

v.

CITY OF ANGLETON, Appellee.

No. 14–96–00600–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 31, 1997.

Joseph Patterson, Angleton, for appellant.

Keith Vaughn, Angleton, for appellee.

Before YATES, FOWLER and EDELMAN, JJ.

## OPINION

FOWLER, Justice.

Appellant, Doris M. Tigner, ("Tigner"), appeals from a judgment in a condemnation case. Appellee, the City of Angleton, ("the City"), prevailed in its condemnation proceedings against Tigner to acquire a drainage easement across Tigner's property. Tigner brings two points of error, contending that (1) the trial court erred in denying Tigner's motion to dismiss and finding that she had waived her right to have the City prove eminent domain and (2) the trial court erred in finding that the City made the requisite pre-condemnation determinations of (a) necessity, (b) bona fide effort to purchase the easement and (c) proper notice. We affirm.

## STANDARD OF REVIEW

In a non-jury case, the trial court's findings of fact and conclusions of law have the same force and dignity as does a jury verdict on special issues. *Buzbee v. Castlewood Civic Club*, 737 S.W.2d 366, 368 (Tex.

App.—Houston [14th Dist.] 1987, no writ). Findings of fact are reviewable for legal and factual sufficiency of the evidence supporting them and conclusions of law are reviewable when attacked as a matter of law, but not on grounds of factual sufficiency. *Id.; Mercer v. Bludworth,* 715 S.W.2d 693, 697 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

When both legal and factual sufficiency points are raised we must first examine the legal sufficiency. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex. 1981); *City of Houston v. Harris County Outdoor Advertising Ass'n.,* 879 S.W.2d 322, 327 (Tex.App.—Houston [14th Dist.] 1994, writ denied). In reviewing a complaint that the evidence is legally insufficient to support a finding, we will consider only the evidence and inferences which tend to support the trial court's findings and disregard all evidence and inferences to the contrary. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988). After such a review, if we find any evidence of probative force to support the finding, we must uphold the finding and overrule the points of error. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

If the findings are supported by legally sufficient evidence, we then review the factual sufficiency of the evidence by weighing and considering the evidence, in support of, and contrary to, the challenged findings. *Id.* The trial court's findings must be upheld unless they are so against the great weight and preponderance of the evidence as to be manifestly unjust or clearly erroneous. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986). Because the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, we may not substitute our judgment for that of the trial court simply because we may disagree with the court's findings. *Herbert v. Herbert,* 754 S.W.2d 141, 142 (Tex.1988); *ForScan v. Dresser Industries, Inc.,* 789 S.W.2d 389, 394 (Tex. App.—Houston [14th Dist.] 1990, writ denied).

## PROCEDURAL AND BACKGROUND FACTS

Tigner, her son, W.M. Tigner, and stepson, J.H. Tigner, III owned a partial interest in the real property in dispute, with Tigner owning a 50% interest, and W.M. Tigner and J.H. Tigner, III each owning a 25% interest. The City commenced an action to acquire a drainage easement across the property. PNL Texas, L.L.P., ("PNL"), intervened in the case to assert its right as a judgment creditor on behalf of W.M. Tigner and J.H. Tigner, III. Special commissioners appointed by the judge of the county court determined the property was worth $10,000 and the Tigners then timely filed objections to the award, converting the proceeding into a civil trial. The Tigners also filed a motion to apportion the award of the special commissioners and in response the City deposited $10,000 into the registry of the court. Some time later, Tigner, her son and stepson filed a joint motion to withdraw the award from the court's registry and at some point W.M. Tigner and J.H. Tigner, III withdrew their apportioned share of the award deposit. Tigner, however, never withdrew her portion of the award.

The Tigners' case proceeded to trial, with the court determining as a matter of law the City's right to exercise its eminent domain power, and the jury deciding the compensation issues. The court found that the City established its right to take the property by eminent domain and the jury determined the Tigners should receive $12,960.00.

In addition, the trial court made findings of fact and conclusions of law:

Findings of Fact

(1) the taking of the Tigner's property is necessary for drainage and there exists a public necessity for the appropriation of the property by the City to enable it to construct, maintain and operate a drainage ditch;

(2) the City has sought in good faith to purchase the property and to settle with the Tigners, but the City has been unable to arrive at a reasonable settlement with the Tigners';

(3) the Tigners received due notice of the proceedings as required by law; and

Conclusion of Law No. 1

(4) the Tigners, by petitioning the court to determine the amount due each defendant of the funds deposited into the registry of this court, for apportionment and disbursement of said funds, waived any procedural defects, constituted [sic] an admission by the defendants that this court had jurisdiction over the entire controversy and over all the parties and that the statutory requirements for necessity and right to take were satisfied.

## POINTS OF ERROR

Tigner contends in her first point of error that the trial court erred in denying her motion to dismiss as to her interest and in finding that she waived her right to have the City prove that it had exercised the power of eminent domain in compliance with the requirements of law. Tigner argues that because she never withdrew her share of the commissioner's award, even though the other owners did, she retained her right to contend that the City did not properly exercise its right of eminent domain as to her interest in the property.

■ Generally, when a petition is filed in a condemnation proceeding seeking condemnation of property through eminent domain, the trial court appoints special commissioners who set a hearing on the amount of the property owner's damages. TEX. PROP.CODE ANN. § 21.014 (Vernon 1984). Once the special commissioners file their award, the condemnor, if satisfied, must either pay the amount of the award to the condemnee or deposit that amount in the registry of the court. TEX. PROP.CODE ANN. § 21.021(a)(1) (Vernon 1984); *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex.1984). If the landowner is dissatisfied with the award, he or she must timely file objections in the trial court. TEX. PROP.CODE ANN. § 21.018(a) (Vernon 1984); *Amason*, 682 S.W.2d at 242. Once the objections are filed, the award of the special commissioners is vacated and the administrative proceeding converts into a normal civil case before the county court with the condemnor as plaintiff and the landowner as defendant. TEX. PROP.

CODE ANN. § 21.018(b) (Vernon 1984); *Amason*, 682 S.W.2d at 242. When a landowner properly contests a condemnor's right to condemn by timely filing objections and obtaining citation, the condemnor bears the burden of going forward with the case and the consequences of abandoning the case. *Id.* at 243; *Skaggs v. City of Keller, Tex.*, 880 S.W.2d 264, 266 (Tex.App.—Fort Worth 1994, writ denied).

■ Thus, when objections are filed by the landowner, and the landowner does not in any way consent to the taking of the property, both the condemnation and the amount of compensation are issues to be resolved by the trial court and the factfinder. *Stuart v. Harris County Flood Control Dist.*, 537 S.W.2d 352 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd). However, if the landowner withdraws the award from the registry of the court, the validity of the award ceases to be an issue. *State v. Jackson*, 388 S.W.2d 924, 925 (Tex.1965). By withdrawing the award from the registry of the court, the landowner in effect, consents to the taking and the only issue remaining is the appropriate amount of compensation. *Id.*

> After an award has been made, and the money deposited in the registry of the court and the landowner has withdrawn the same, he cannot thereafter contend that the taking was unlawful.

*Id.* "This statement is an absolute rule of law which does not yield to surrounding circumstances." *Tejas Gas Corp. v. Herrin*, 716 S.W.2d 45, 45–46 (Tex.1986) (emphasis added).

■ For example, in *Tejas Gas Corp. v. Herrin*, the Texas Supreme Court held that a landowner's withdrawal of the award deposited in the registry of the court waives the landowner's right to attack the taking of the property *even if the entire award with interest is redeposited in the registry of the court. Id.* (emphasis added). Similarly, when a landowner withdraws the award from the registry of the court and redeposits it upon order of the court in an injunction proceeding, the landowner still may not question the right of the condemnor to take the land. *Perry v. Texas Municipal Power*

*Agency,* 667 S.W.2d 259, 262 (Tex.App.— Houston [1st Dist.] 1984, writ ref'd).

The issue before this court is whether Tigner retained the right to challenge the City's power of eminent domain when she and the other owners filed a joint motion for apportionment of the funds in the registry of the court and the other property owners withdrew their share of the commissioners' award from the registry of the court. The record shows that W.M. Tigner and J.H Tigner, III withdrew their portion of the award from the court's registry, although Tigner never withdrew her portion.[1] Thus, fifty percent of the commissioners' award was gone before the trial began.

We conclude that once W.M. and J.H. Tigner, III were able to withdraw a portion of the award because of their and Tigner's efforts through filing a joint motion for apportionment, none of the landowners could contest the condemnation. To allow Tigner to contest the award after she and the others requested an apportionment and after the others withdrew their share, would violate the spirit, if not the letter, of the rule the Supreme Court has told us in *Tejas Gas* is absolute. *Tejas Gas Corp.,* 716 S.W.2d at 46.[2]

In conclusion we hold that Tigner waived her right to challenge the City's exercise of its power of eminent domain and that the trial court did not err in finding that Tigner waived her right to contest the condemnation. We overrule Tigner's first point of error.

Because we have found that Tigner has waived her right to have the City prove it properly exercised it eminent domain powers, we also overrule Tigner's second point of error which questions the condemnation.

The judgment of the trial court is affirmed.

---

1. The record also shows that W.M. Tigner and J.H. Tigner, III then paid these sums to creditors in satisfaction of liens. Although this fact does not affect the outcome of the case, it does illustrate one reason for the rule that once the landowner withdraws funds he loses his right to contest the validity of the condemnation.

2. This opinion should not be read to apply to a situation in which a landowner has not requested that any funds be withdrawn or objects to any funds being withdrawn. That issue is not before us and we expressly do not address it.