ACCEPTED
04-14-00614-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/10/2015 1:32:51 AM
KEITH HOTTLE
CLERK

## NO. 04-14-00614-CV

### *In the Fourth District Court of Appeals*

*San Antonio, Texas*

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/10/2015 1:32:51 AM
KEITH E. HOTTLE
Clerk

_____

### HECTOR GONZALEZ,

*Appellant,*

**v.**

### ATENEA CAPITAL MARKETS FUND, L.P.,

*Appellee.*

_____

ON APPEAL FROM THE 57TH DISTRICT COURT
BEXAR COUNTY, TEXAS
TRIAL COURT CAUSE NO. 2012-CI-13872

_____

### BRIEF OF APPELLANT

_____

George D. Durham, Esq.
Attorney for Appellee
State Bar No. 24082940
gsklawfirm@gmail.com
517 W. Nolana Ste. 6
McAllen, TX 78504
Telephone: (956) 900-4187
Facsimile: (956) 524-5153

Attorney for Appellant Hector Gonzalez

**ORAL ARGUMENT REQUESTED**

IDENTITY OF PARTIES

**Appellant:**

Hector Gonzalez

Appellate Counsel:

George D. Durham, Esq.
Attorney for Appellee
State Bar No. 24082940
gsklawfirm@gmail.com
517 W. Nolana Ste. 6
McAllen, TX 78504
Telephone: (956) 900-4187
Facsimile: (956) 524-5153

**Appellee:**

Atenea Capital Markets Fund, L.P.

Trial and Appellate Counsel:

Lance Geppert
Attorney at Law
SBN 24007234
8000 West Av.,
San Antonio Texas 78213
(210) 888-9836/(210) 316-0000 Phone
(210) 855-9990 Fax
GEPPERTLAW@GRANDECOM.NET

TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES..............................................................................2

INDEX OF AUTHORITIES........................................................................5

REFERENCE CITATION GUIDE...............................................................6

STATEMENT REGARDING ORAL ARGUMENT...................................7

STATEMENT OF THE CASE....................................................................8

ISSUES PRESENTED................................................................................9

STATEMENT OF FACTS........................................................................13

SUMMARY OF ARGUMENT..................................................................14

STANDARD OF REVIEW .......................................................................15

ARGUMENT..............................................................................................16

      I.      ATENEA CAPITAL MARKETS FUND, L.P. HAS NO STANDING TO SUE ON BEHALF OF INDIVIDUAL INVESTORS...............16

            A.     Standing may be brought at appeal.........................................16

            B.     The doctrine of associational standing prohibits an organization from recovering money damages when the amount varies with each member.............................................................................17

      II.     THE ISSUES WERE NOT RIPE FOR ADJUDICATION................18

            A.     Standing may be brought at appeal.........................................18

            B.     On the face of the pleadings Atenea has not suffered harm.....19

      III.    THE TRIAL COURT'S JUDGMENT VIOLATES THE SINGLE

SATISFACTION RULE BY AWARDING BOTH TORT AND
CONTRACT DAMAGES FOR A SINGLE INJURY
...................................................................................22

CONCLUSION. ...........................................................................   24

CERTIFICATE OF SERVICE. ...................................................25

CERTIFICATE OF COMPLIANCE. ..........................................26

# INDEX OF AUTHORITIES

**Case**                                                             **Page(s)**

*Austin Hardwoods, Inc. v. Vanden Berghe Co.*,
917 S.W.2d 320 (Tex. App.—El Paso 1995, writ denied)..............................15

*Household Credit Serv., Inc. v. Driscol*,
989 S.W.2d 72 (Tex. App.—El Paso 1998, pet. Denied) .............................22

*Hunt v. Washington State Apple Advertising Commission*
432 U.S. 333, 343, 97 S.Ct. 2434 53 L.Ed.2d 383 (1977)............................17

*Parkway Co. v. Woodruff*,
901 S.W.2d 434 (Tex. 1995) ....................................................................22

*Patterson v. Planned Parenthood*,
971 S.W.2d 439, 442-443 (Tex.1998) ....................................................18-21

*Pegasus Energy Group, Inc. v. Cheyenne Petrol. Co.*,
3 S.W.3d 112 (Tex. App.—Corpus Christi 1999, pet. denied) .....................15

*Precast Structures, Inc. v. City of Houston*,
942 S.W.2d 632 (Tex. App.—Houston [14th Dist.] 1996, no writ)..............15

*Tex. Ass'n of Business v. Air Control* Bd.,
852 SW 2d 440, 445- (Tex.1993) .........................................................16-19

*Tigner v. City of Angleton*,
949 S.W.2d 887 (Tex. App.—Houston [14th Dist.] 1997, no writ). .............15

*Tony Gullo Motors I, L.P. v. Chapa*,
212 S.W.3d 299 (Tex. 2006) ....................................................................23

*Waite Hill Serv., Inc. v. World Class Metal Works, Inc.*,
959 S.W.2d 182 (Tex. 1998) ....................................................................22

**REFERENCE CITATION GUIDE**

**The Parties**

This Brief may refer to the parties as follows:

| | |
|---|---|
| Hector Gonzalez | "Gonzalez" |
| Atenea Capital Markets Fund, L.P. | "Atenea" |
| Julian Mortera | "Mortera" |

This Brief may refer to Appellees Atenea Capital Markets Fund, L.P. And Julian Mortera, collectively as "Plaintiffs."

**The Record on Appeal**

This Brief will refer to the record as follows:

| | |
|---|---|
| Clerk's Record | "CR ___" |

## STATEMENT REGARDING ORAL ARGUMENT

Gonzalez respectfully requests oral argument in this appeal. Oral argument may be helpful to enable the Court to sort through the claims that Plaintiffs have asserted against Gonzalez.

# STATEMENT OF THE CASE

*Nature of the Case*: This is a dispute by Atenea against Gonzalez for monies allegedly purloined in investing misadventures. Atenea sought to sue for money damages on behalf of investors on the basis that they would eventually sue Atenea. To date no investors have sued. Atenea sued multiple foreign defendants under multiple theories of liability

*Trial Court*: 57th Judicial District Court, Bexar County, Texas.

*Course of Proceedings*: This case proceeded to a bench trial for damages on May 27th, 2014. (CR_100) The trial court's decision was reduced to a final judgment on June 20th, 2014 (CR_102) and the cause was severed after all other defendants were non-suited on August 1st, 2014. (CR_105)

*Trial Court's Disposition*: On June 20th, 2014, the trial court signed a final judgment in Plaintiffs' favor. (CR_102) The trial court found Gonzalez liable on damages of fraud, negligent misrepresentation, tortious interference with a contract, breach of contract, civil conspiracy, and failure to provide an accounting. The Court's judgment awarded Atenea, jointly and severally, against Hector Gonzalez and Gonzalez and Duarte LLC, $4,224,426.00 in damages, plus costs of court.

# ISSUES PRESENTED

Pursuant to Rule 38.2(a) of the Texas Rules of Appellate Procedure,

Gonzalez identifies the following issues in this appeal:

1. *DOES ATENEA CAPITAL MARKETS FUND, L.P. HAVE STANDING TO SUE ON BEHALF OF INDIVIDUAL INVESTORS?*

    a.   Is Standing a jurisdictional defect that may be brought at appeal?

    b.   Does the doctrine of associational standing prohibit an organization from recovering money damages when the amount varies with each member?

2. WERE THE ISSUES RIPE FOR ADJUDICATION?

    a.   Is Standing a jurisdictional defect that may be brought at appeal?

    b.   Has Atenea suffered harm?

3. DOES THE TRIAL COURT'S JUDGMENT VIOLATE THE SINGLE SATISFACTION RULE BY AWARDING BOTH TORT AND CONTRACT *DAMAGES FOR A SINGLE INJURY?*

    a.   *Single Satisfaction Rule* — Does the trial court's judgment violate the single  satisfaction rule by awarding both tort damages  and contract damages for a single indivisible injury arising from Gonzalez' actions?

**NO. 04-14-00614-CV**

*In the Fourth District Court of Appeals*
*San Antonio, Texas*

_____

**HECTOR GONZALEZ,**

*Appellant,*

**v.**

**ATENEA CAPITAL MARKETS FUND, L.P.,**

*Appellee.*
_____

**BRIEF OF APPELLANT**
_____

TO THE HONORABLE FOURTH COURT OF APPEALS:

Appellant Hector Gonzalez respectfully files this Brief of Appellant asking that this Court reverse the trial court's $4.2 million judgment against Gonzalez in Cause No. 2012 CI-13872, *Atenea Capital Markets Fund, L.P. v. Gonzalez et al*, in the 5 7 th Judicial District Court of Bexar County, Texas. Gonzalez requests that this Court render judgment that Appellee Atenea take nothing on its claims against Gonzalez. Each of Appellee's claims rests on an alleged authority that is prohibited by law and                    theoretical                    damages.

# STATEMENT OF FACTS

*Summary*

This case arises arises from Plaintiff, a foreign entity registered to do business in the State of Texas, allegedly representing foreign investors, against foreign Defendants for acts allegedly accruing in Texas. (CR_1)

According to the face of the pleadings the company was created by the Defendants. Some foreign investors may have been limited members of Plaintiff, but their names and claims were never alleged. The only people explicitly named as members of Plaintiff on the face of Plaintiff's petition are Defendant Aracely Duarte Mendez, "General Partner", and third-party Julian Mortera, "General Partner in nominee" and "Director of the Fund". On the face of the Pleadings Mr. Mortera never had control over the fund or its proceeds. (CR_1-7)

Plaintiff alleged that the unnamed investors placed money with the Defendants by and through Plaintiff. Some investors may have become limited partners with Plaintiff, while others may not be. Although there are multiple investors with varying degrees of potential claims, they are unilaterally lumped with Plaintiff. Plaintiff has not suffered actual damages, had not been sued, and has not otherwise been harmed by investors' claims. On the face of its pleadings Plaintiff, is subject to potential liability to the unnamed and unjoined investors. It is not shown how Plaintiff would allocate any recovery among potential unnamed claimants. (CR_1-7).

Taking the mantle of theoretical liability to its investors, Plaintiff caused its action for fraud, negligent misrepresentation, tortious interference with a contract, breach of

12

contract, civil conspiracy, and failure to provide an accounting. (CR_1-7). Moreover, after failing to serve the other Defendant's/Its owners, Plaintiff has severed them and non-suited them from this cause of action. (CR_93, CR_25). The interests of any investors in the other Defendant's is not Plaintiff's concern.

### *Procedural History*

On August 23rd, 2012, Atenea sought to sue for money damages on behalf of investors on the basis that they would eventually sue Atenea. To date no investors have sued. (CR_1-7).

After multiple motions to compel discovery, Plaintiff was granted death penalty sanctions against Gonzalez. (CR_22-88). This case proceeded to a bench trial in the 57th Judicial District Court, Bexar County, Texas for damages on May 27th, 2014. (CR_100). The trial court's decision was reduced to a final judgment on June 20th, 2014 (CR_102) and the cause was severed after all other defendants were non-suited on August 1st, 2014. (CR_105).

The trial court found Gonzalez liable on damages of fraud, negligent misrepresentation, tortious interference with a contract, breach of contract, civil conspiracy, and failure to provide an accounting. The Court's judgment awarded Atenea, jointly and severally, against Hector Gonzalez and Gonzalez and Duarte, $4,224,426.00 in damages, plus costs of court.

## SUMMARY OF ARGUMENT

*Doctrine of Associational Standing.* Atenea does not have standing to sue on behalf of individual investors with disparate claims and interests. As the Texas Supreme Court Ruled in *Air Control,* Atenea is barred as a matter of law from asserting a claim without the joinder of the true owners of the interests as bar. Because standing is a jurisdictional defect it may be alleged at any time. Any judgment stemming from this action constitutes an advisory opinion and is constitutionally barred.

*Ripeness.* Because Atenea has not actually been sued by anyone with interests in this matter, it has not suffered harm. As the Texas Supreme Court Ruled in *Planned Parenthood,* Atenea lacks standing and is barred as a matter of law from bringing a suit for potential claims. Because standing is a jurisdictional defect it may be alleged at any time. Any judgment stemming from this action constitutes an advisory opinion and is constitutionally barred.

*Single Satisfaction Rule.* The trial court's judgment impermissibly awards both a contract remedy and a tort remedy. As the Texas Supreme Court ruled in *Chapa*, a plaintiff may recover attorney's fees on a contract claim *or* exemplary damages on a tort claim, but it may not recover both on a single injury. The trial court's judgment violates the rule in *Chapa*.

Gonzalez respectfully asks this Court to reverse the trial court's judgment

14

and render judgment that Plaintiff take nothing.

## STANDARD OF REVIEW

After a bench trial, the trial court's findings of fact have the same effect as a jury's verdict. *Tigner v. City of Angleton*, 949 S.W.2d 887, 888 (Tex. App.—Houston [14th Dist.] 1997, no writ).

A trial court's conclusions of law likewise are not binding on this Court. *See Austin Hardwoods, Inc. v. Vanden Berghe Co.*, 917 S.W.2d 320, 322 (Tex. App.—El Paso 1995, writ denied). This Court must review a trial court's conclusions of law de novo. *Precast Structures, Inc. v. City of Houston,* 942 S.W.2d 632, 636 (Tex. App.—Houston [14th Dist.] 1996, no writ). "As the final arbiter of the law, the appellate court has the power and the duty to evaluate independently the legal determinations of the trial court." *Pegasus Energy Group, Inc. v. Cheyenne Petrol. Co.*, 3 S.W.3d 112, 121 (Tex. App.—Corpus Christi 1999, pet. denied).

**ARGUMENT**

## I. ATENEA CAPITAL MARKETS FUND, L.P. HAS NO STANDING TO SUE ON BEHALF OF INDIVIDUAL INVESTORS

### A. Standing may be raised on appeal

Atenea's pleadings do not raise certain fundamental facts necessary for the court to exercise jurisdiction. Atenea's pleadings are deficient and may be attacked at the appellate level:

> "Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties. *Texas Employment Comm'n v. International Union of Elec., Radio and Mach. Workers, Local Union No. 782,* 163 Tex. 135, 352 S.W.2d 252, 253 (1961); RESTATEMENT (SECOND) OF JUDGMENTS § 11, comment c (1982). This court recently reiterated that axiom in *Gorman v. Life Insurance Co.,* 811 S.W.2d 542, 547 (Tex.), *cert. denied,* ___ U.S. ___, 112 S.Ct. 88, 116 L.Ed.2d 60 (1991). Because we conclude that standing is a component of subject matter jurisdiction, it cannot be waived and may be raised for the first time on appeal. "

*Tex. Ass'n of Business v. Air Control* Bd., 852 SW 2d 440, 445- Tex: Supreme Court 1993. As stated by the Texas Supreme Court, standing is a component of subject matter jurisdiction. If Atenea does not have standing then the Court does not have subject matter jurisdiction.

### B. The doctrine of associational standing prohibits an organization

16

**from recovering money damages when the amount varies with each member.**

Atenea has presented a lawsuit to recover money damages on behalf of investors who may potentially sue it. (CR_4). There are multiple investors, many of whom are limited liability partners in Plaintiff, some of whom presumably are not. (CR_4). These investors are not enumerated. There is no showing in Plaintiff's pleadings which investors have been damaged to what extent. (CR_4)

> "Furthermore, an organization should not be allowed to sue on behalf of its members when the claim asserted requires the participation of the members individually rather than as an association, such as when the members seek to recover money damages and the amount of damages varies with each member."

*Tex. Ass'n of Business v. Air Control* Bd., 852 SW 2d 440, 447 - Tex: Supreme Court 1993

The United States has articulated a standard for associational standing: "a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Commission* 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977)**.** In the case at bar, it is alleged by Plaintiff that its members/investors would have standing to sue Plaintiff in their own right. (CR_4). It would appear by Plaintiff's own pleadings that it passes prong (a).

17

Plaintiff likewise alleges that its purpose is to attract investors. However, some investors are not limited liability partners with Plaintiff. (Cr_4). Plaintiff never includes those investors as part of its petition, and does not explain how much each is owed by Plaintiff. (CR_1-7). This would fail prong (b). Likewise, in order to prove its potential liability, Plaintiff would need to prove its investor's interests were lost, necessitating their involvement. Thus, Plaintiff would fail prong (c).

Because Atenea fails the last two prongs of *Hunt,* it may not bring suit on behalf of its potential investor litigants. Moreover, such defects constitute an advisory opinion. As *Planned Parenthood states:*

> "The constitutional roots of justiciability doctrines such as ripeness, as well as standing and mootness, lie in the prohibition on advisory opinions, which in turn stems from the separation of powers doctrine. *See* TEX. CONST. art. II, § 1 (separation of powers), art. IV, §§ 1, 22...The courts of this state are not empowered to give advisory opinions. *Wessely Energy Corp. v. Jennings,* 736 S.W.2d 624, 628 (Tex.1987); *United Servs. Life Ins. Co. v. Delaney,* 396 S.W.2d 855, 859 (Tex.1965); *Alamo Express v. Union City Transfer,* 158 Tex. 234, 309 S.W.2d 815, 827 (1958).* This prohibition extends to cases that are not yet ripe. *See Camarena v. Texas Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988); *Public Util. Comm'n v. Houston Lighting & Power Co.,* 748 S.W.2d 439, 442 (Tex.1987); *City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985); *California Prod., Inc. v. Puretex Lemon Juice,* 160 Tex. 586, 334 S.W.2d 780, 783 (1960).* A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass. *See Camarena,* 754 S.W.2d at 151"

*Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442-443 (Tex.1998)

Because this order constitutes an advisory opinion, and because the court is not empowered to make an advisory opinion, Plaintiff therefore should take nothing.

II    ***THE ISSUES WERE NOT RIPE FOR ADJUDICATION***

   ***A. Standing May be Raised on Appeal***

As above, ripeness falls within the ambit of standing: **"**While the trial court framed this issue as one of standing, we view it more precisely as one of **ripeness**. **Ripeness**, like standing, is a threshold issue that implicates subject matter jurisdiction, *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998),**"** *Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442 (Tex.1998)**.** Relating back to what the Texas Supreme Court has already noted on subject matter jurisdiction,

> "Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties. *Texas Employment Comm'n v. International Union of Elec., Radio and Mach. Workers, Local Union No. 782,* 163 Tex. 135, 352 S.W.2d 252, 253 (1961); RESTATEMENT (SECOND) OF JUDGMENTS § 11, comment c (1982). This court recently reiterated that axiom in *Gorman v. Life Insurance Co.,* 811 S.W.2d 542, 547 (Tex.), *cert. denied,* ___ U.S. ___, 112 **S**.Ct. 88, 116 L.Ed.2d 60 (1991). Because we conclude that standing is a component of subject matter jurisdiction, it cannot be waived and may be raised for the first time on appeal. "

19

*Tex. Ass'n of Business v. Air Control* Bd., 852 SW 2d 440, 445- Tex: Supreme Court    1993. Thus, ripeness is an issue which may be addressed for the first time on appeal.

B. **Has Atenea suffered harm?**

Ripeness presupposes that the Plaintiff has suffered harm or is about to suffer imminent harm. The test for ripeness is enumerated in *Patterson v. Planned Parenthood:*

> "At the time a lawsuit is filed,ripeness asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote. *See* Nichol,*Ripeness and the Constitution,* 54 U. CHI. L.REV. 153, 169 (1987); 13A WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 3532.1, at 130 (2d ed.1984).Ripeness thus focuses on whether the case involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." Wright, *supra,*§ 3532, at 112. By maintaining this focus, the ripeness doctrine serves to avoid premature adjudication."

*Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442 (Tex.1998)

On the face of its pleadings, Atenea has never been sued or otherwise harmed in any way. The entity itself is not being threatened. (CR_1-7). Atenea has sued Gonzalez under the theory that its investors MIGHT sue, but none actually have to this day. (CR_4). Atenea does not allege that it has a possessory or fiduciary interest over the investor's funds. (CR_1-7). While Atenea alleges that Gonzalez had such a

20

fiduciary relationship (CR_5), Atenea declines to place that same relationship on itself, instead calling it a "valid relationship" (CR_5). Atenea would seek to be a third-party beneficiary, but it does not have a justiciable controversy against it (CR_1-7). There is nothing to prevent the potential litigants from suing Gonzalez of their own volition. Atenea thus does not to this day have any causes of action against it, and thus did not satisfy the ripeness doctrine for standing.

Because Atenea fails the ripeness test, it may not bring suit on behalf of its potential investor litigants. Moreover, such defects constitute an advisory opinion. As *Planned Parenthood states:*

> "The constitutional roots of justiciability doctrines such as ripeness, as well as standing and mootness, lie in the prohibition on advisory opinions, which in turn stems from the separation of powers doctrine. *See* TEX. CONST. art. II, § 1 (separation of powers), art. IV, §§ 1, 22...The courts of this state are not empowered to give advisory opinions. *Wessely Energy Corp. v. Jennings,* 736 S.W.2d 624, 628 (Tex.1987); *United Servs. Life Ins. Co. v. Delaney,* 396 S.W.2d 855, 859 (Tex.1965); *Alamo Express v. Union City Transfer,* 158 Tex. 234, 309 S.W.2d 815, 827 (1958). This prohibition extends to cases that are not yet ripe. *See Camarena v. Texas Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988); *Public Util. Comm'n v. Houston Lighting & Power Co.,* 748 S.W.2d 439, 442 (Tex.1987); *City of Garland v. Louton,* 691 S.W.2d 603, 605 (Tex.1985); *California Prod., Inc. v. Puretex Lemon Juice,* 160 Tex.

586, 334 S.W.2d 780, 783 (1960). A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass. *See Camarena,* 754 S.W.2d at 151"

*Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442-443 (Tex.1998)

Because this order constitutes an advisory opinion, and because the court is not empowered to make an advisory opinion, Plaintiff therefore should take nothing.

**III   The Trial Court's Judgment Violates the Single Satisfaction Rule by Awarding Both Tort and Contract Damages for a Single Injury**

Under the single satisfaction rule, a plaintiff may not receive more than one recovery for the same injury. *Waite Hill Serv., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998). A trial court's judgment violates this rule if it allows the plaintiff to recover on two or more overlapping theories of liability for a single injury. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 (Tex. 1995). "[T]he one satisfaction rule limits a plaintiff's recovery to one of several overlapping theories, notwithstanding that elements required under the separate theories of action vary somewhat and notwithstanding that the amounts awarded vary from claim to claim." *Household Credit Serv., Inc. v. Driscol*, 989 S.W.2d 72, 80 (Tex. App.—El Paso 1998, pet. denied).

Here, Plaintiffs do not, and cannot, deny that their breach of contract and tort claims address a single injury — *i.e.,* the injury that Plaintiffs purportedly incurred when Gonzalez failed to return monies to investors.  (CR_1-7).  Yet, Plaintiffs did not

elect a remedy from one of their overlapping claims. They instead asked the trial court to enter a judgment that allowed them to recover on **all** of their claims. The trial court did so, allowing Plaintiffs to recover both (i) attorney's fees from Gonzalez on Plaintiffs's contract claim and (ii) mental anguish and exemplary damages from Gonzalez on Plaintiffs' tort claims. Plaintiffs had to elect either a contract recovery or a tort recovery. They could not elect **both**. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 303-04 (Tex. 2006). *Chapa* is on point. The court of appeals in *Chapa* rendered a judgment that permitted the plaintiff, Nury Chapa, to recover $21,639 in mental anguish damages, $20,000 in attorney's fees, and $125,000 in exemplary damages. The Texas Supreme Court concluded that the court of appeals's judgment violated the single satisfaction rule:

> "Chapa alleged only one injury — delivery of a base-model Highlander rather than a Highlander Limited. While she could certainly plead more than one theory of liability, she could not recover on more than one.

> For breach of contract, Chapa could recover economic damages and attorney's fees, but not mental anguish or exemplary damages. For fraud, she could recover economic damages, mental anguish, and exemplary damages, but not attorney's fees. . . . *The court of appeals erred by simply awarding them all.*"

Id. (emphasis added). *See Business Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 244-45 (Tex. App.—El Paso 2012, pet. denied).

The trial court's judgment here impermissibly allows Plaintiffs to recover both in contract and in tort for a single injury. If this Court does not reverse the trial

23

court it will cause irreversable harm.

## CONCLUSION

The trial court's judgment in Plaintiffs' favor is erroneous. Gonzalez respectfully requests that this Court reverse the trial court's judgment, render judgment that Plaintiff take nothing on its claims against Gonzalez. Alternatively, Gonzalez requests that the Court reverse the trial court's judgment and remand the case for further proceedings consistent with this Court's opinion. Gonzalez further requests that the Court award such further relief as this Court deems appropriate and just.

Respectfully submitted,

George D. Durham, Esq.
Attorney for Appellee
State Bar No. 24082940
gsklawfirm@gmail.com
517 W. Nolana Ste. 6
McAllen, TX 78504
Telephone: (956) 900-4187
Facsimile: (956) 524-5153

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2014, a true and correct copy of the foregoing was served upon the following counsel by electronic filing, according to the rules of civil procedure.

/S/ George D. Durham
George D. Durham

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this Brief of Appellant Hector Gonzalez complies with the typeface requirements in Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.

Additionally, the undersigned certifies that this brief complies with the word-count limitations of Tex. R. App. P. 9.4(i )(2) because, excluding all parts exempted under Tex. R. App. P. 9.4(i)(1), the brief contains 3033 words.

/S/ George D. Durham
George D. Durham